JOSEPH ELLIS, PLAINTIFF IN ERROR, VS. HENRIETTA CLARK, MARTHA CLARK AND WESLEY CLARK, DEFENDANTS IN ERROR.

1. A tax deed in form prescribed by statute, as well as a proper deed between parties, may convey title without being either acknowledged or recorded, and the objection to the admissibility of such a deed in evidence on the ground that it did not appear therefrom that its execution had been acknowledged, or that it had been recorded, is properly overruled.

2. The delivery of a deed by the grantor, and its acceptance by the grantee, are essential to convey title.

3. When a grantor causes an acknowledged deed conferring substantial benefits on the grantee to be recorded, it will afford *prima facie* and strong presumptive evidence of a delivery to, and acceptance by, the grantee; but such presumption may be overcome by evidence that no delivery in fact was intended and none made.

4. A charge to the jury stating, in effect, that if a grantor delivered his deed for record, and the same was duly recorded, it divested the title out of him, notwithstanding any agreement between him and the grantee in reference to the delivery in fact, is erroneous, where there is testimony tending to show that no delivery was made and none was intended.

5. The failure to file and enter in the clerk's office the list of lands sold for taxes, as required by Section 52, Chapter 3681, Laws of 1887, will avoid a tax deed subsequently made in pursuance of such sale.

6. When a tax deed in proper form has been introduced in evidence in the defense, and the plaintiff submits testimony in rebuttal deemed sufficient to avoid it, the proper practice is not to move to strike out the deed, but request instructions from the court as to its validity or legal sufficiency.

Writ of Error to the Circuit Court for Holmes county.

## STATEMENT.

Plaintiff in error instituted an action of ejectment against defendants in error to recover possession of the N. W. ¼ of N. W. ¼ of sec. 28; the N. E. ¼ of N. W. ¼, and N. ½ of N. E. ¼ of sec. 29, all in township 7, range 14, N. and W., situated in Holmes county, and the decision was in favor of defendants.

To the declaration defendants Henrietta and Martha Clark filed the statutory plea of not guilty, and the other defendant alleged in his plea that he was not then, nor at the commencement of the suit, in possession of, nor did he then, nor at the commencement of the suit, claim any right, title or interest in, the lands described in the declaration.

The plaintiff in error, without objection, introduced in evidence a patent to the lands sued for from the United States, bearing date April 30th, 1891, and recorded in the public records of Holmes county on the 27th of October, 1892. Plaintiff then testified that the lands then occupied by defendants had belonged to him for a great many years, and that he had paid taxes on said lands. He put in evidence a tax receipt for the year 1892 for the N. W. ¼ of N. W. ¼, sec. 28; N. E. ¼ of N. W. ¼, and N. W. ¼ of N. E. ¼ sec. 29, all in township 7, R. 14. On cross-examination plaintiff stated that he had never sold the land to any one; that a great many years before that time he had sold a half interest in the land to one Loftin, but made him no deed, and he did not go into possession. Subsequently plaintiff bought back Loftin's half interest, and that this transaction occurred a great many years ago. The foundation was laid on the cross-examination for contradicting the plaintiff as to certain statements he had

made to certain parties in reference to a sale of the land to Loftin. Jack Ellis, a son of the plaintiff, testified that he had known the land all his life, and that his father had claimed title to the land ever since witness could remember. On cross-examination this witness stated that to his knowledge his father had never sold the land, and that he, witness, had never bought it, and that it belonged to his father. Nancy Ellis, wife of plaintiff, after being examined in chief, stated, on cross-examination, that she had never signed any deed to the land in dispute.

Defendants put in evidence the record of a deed signed by plaintiff and his wife to Jack Ellis for the lands in question, and also a deed from Jack Ellis to plaintiff for other lands. Both deeds are dated the 18th day of October, 1892, express the same consideration of $265, and are properly acknowledged before the Clerk of the Circuit Court. There is on each deed the following endorsement, viz: "Recorded October 27th, 1892. A. D. Brownell, clerk."

Defendants also introduced witnesses who testified that they knew the general reputations of all three of the Ellises in the community in which they lived, and that their general reputations for truth and veracity were such that the witnesses would not believe them on oath.

Defendants further introduced a tax deed to W. H. Davis for one forty of the land, to-wit: N. W. $\frac{1}{4}$ of N. E. $\frac{1}{4}$, sec. 29, township 7, N. R. 14 W., for an alleged default in paying taxes due thereon for the year 1887; and also a deed from W. H. Davis and wife to Henrietta and Martha Clark for the N. W. $\frac{1}{4}$ of N. W. $\frac{1}{4}$, sec. 28; the N. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$, and N. W. $\frac{1}{4}$ of N. E.

¼, sec. 29, all in township 7, N. R. 14 W. The tax deed is dated the 2d day of December, 1889, and the deed from Davis and wife bears date the 4th day of the same month, and neither one seems to have ever been acknowledged, though it appears that both were transcribed by the Clerk of the Circuit Court on the public records of Holmes county. Objection was made to the tax deed that it did not appear from the deed that its execution had been acknowledged, and to the introduction of the other deed it was objected that it did not appear thereby that it had ever been delivered by the makers to the defendants, and because the execution of the deed had never been proven, and it had never been recorded. The execution of the deed from Davis and wife to the defendants named was then proven by a subscribing witness. The objections to both deeds were overruled, and the deeds admitted in evidence.

In rebuttal plaintiff introduced certain evidence relating to the proceedings upon which the tax deed was based, a further reference to which will be found in the opinion.

Plaintiff testified that the deed from himself and wife to Jack Ellis was never delivered to the latter, nor was the deed from Jack Ellis to plaintiff ever delivered; that plaintiff had the deed he made in his possession, and he supposes Jack had his, and plaintiff did not have it; that they agreed upon an exchange of lands, and they made the deeds to each other so that when plaintiff succeeded in getting the land sued for, he was to let his son have it, and they were then to exchange deeds; that they went to Cerro Gordo together and had them put on record, but plaintiff took his deed home, and he supposes Jack took his. On

cross-examination witness admits saying on the direct examination that he had never made any deed to the land, but he states that he overlooked the deed to Jack Ellis, as he had never delivered it; that he did say that he had not sold the land, and this was correct, as he had merely made an agreement of exchange of lands conditionally upon his recovering the land in question. Jack Ellis also testified, in substance, the same as his father, with the additional statement that he had never gone into possession of the lands; had never claimed them, and that they were his father's. He also states that he did not deliver his deed because he did not propose to give up his land for that which was held by other parties, and which was in litigation.

The judge charged the jury that the defendants could set up an outstanding title in another as a complete defense, and that if they believed from the evidence that plaintiff sold and conveyed the land in dispute to another prior to the commencement of the suit, and the title thereto was in another at that time, they should find for defendants.

At the request of defendants the court gave the following instruction to the jury, *viz:* If you believe from the evidence that plaintiff made a deed to the land in dispute to his son; that the same has been duly recorded in the records of deeds of this county at the request of the son, and that he delivered it to the clerk for that purpose, and that the deed was executed before the institution of this suit, it took the legal title out of him, and he can not recover in this suit; it matters not what private agreement there may have been between plaintiff and his son about the deed, and you will find for the defendants.

Plaintiff moved for a new trial, among others, on the

following grounds: that the verdict was contrary to the evidence; that the court erred in refusing to give the stated instruction asked by plaintiff, and that there was error in giving the instruction requested by defendants.

*W. O. Butler*, for Plaintiff in Error.

*D. L. McKinnon*, for Defendants in Error.

MABRY, J.:

Error is sought to be predicated upon the rulings of the court on the objections to the admissibility in evidence of the tax deed to Davis and his deed to Henrietta and Martha Clark, but we discover no error in the ruling. As shown by the statement, the specific objection made to the admissibility of the tax deed was that it did not appear from the deed itself that its execution had ever been acknowledged or proven. The deed appears on its face to have been executed by the circuit clerk under seal in the presence of two witnesses, but there is no acknowledgment, or proof, of the execution of the deed endorsed thereon. The statute under which the deed was executed did not require that the acknowledgment or proof of the execution of the deed should be shown thereby before it became operative. The statute prescribed a form for such a deed, but the objection to the deed in question was not as to its sufficiency in form, nor as to its execution as a matter of fact, but that the acknowledgment or proof of execution was not shown by the deed itself. The delivery of a tax deed in due form may be shown like the delivery of any other deed,

and there is no rule of law, or reason for holding that such a tax deed is void unless the acknowledgment or proof of its execution be endorsed thereon. The objection made involves, of course, no question as to the effect of the record of such a deed without due proof of its execution.

Proof of the execution of the deed from Davis and wife to Henrietta and Martha Clark was made by a subscribing witness before the court made any ruling on the objections to the admissibility of this deed, and such proof obviated any objection as to its execution, so far as the husband was concerned. It was not shown that Davis was the head of a family and a resident citizen occupying the land conveyed, nor did it appear that the land was the separate estate of Mrs. Davis. The tendency of the proof was that if either of the granting parties had any interest in the land designed to be conveyed, it was the husband. The failure to properly acknowledge the deed as required by statute on the part of the wife may leave her free to hereafter assert any interest she may have in the land by virtue of the marital relation, but it will not prevent the deed from divesting all right, title and interest which the husband may have had therein.

The further objection, that it did not appear by the deed that it was delivered, is without force, because proof of delivery is not required to be shown by the deed itself, but may be established by parol evidence; nor is the record of the deed essential to pass title.

It will be discovered by an examination of the statement of the case that neither the tax deed to Davis, nor his deed to Henrietta and Martha Clark includes all the land sued for and described in the patent to plaintiff in error, and there is no pretence that de-

fendants had title by adverse possession. The patent to plaintiff was issued in April, 1891. It further appears that no paper title was attempted to be shown in either of the defendants other than the deed from Davis, and no title was shown in him except what he may have derived from the tax deed, and this embraced only one forty of the land in question. It is evident that a verdict in favor of defendants for all the land sued for would be wrong, unless the jury based their conclusion upon the view that plaintiff had previously conveyed the land to his son, and no longer had any title. From the state of the record we can not say that the verdict was not entirely based upon this view, and plaintiff in error complains that the court erred in presenting this phase of the case to the jury.

The charge given at the request of defendants was, in our judgment, erroneous, and was calculated to deprive the plaintiff of that consideration of the case by the jury to which he was legally entitled on the evidence submitted. The charge, in effect, states as the law that if the plaintiff delivered the deed from himself to his son to the clerk for record, and that the deed was duly recorded before the institution of the suit, it divested the legal title out of plaintiff, notwithstanding any private agreement between him and his son about the deed. If this view of the law be correct, the record of a deed at the request of the grantor would be conclusive proof of delivery. The delivery of a deed by the grantor, and its acceptance by the grantee are essential to conveyed title, and when a grantor causes an acknowledged deed, conferring substantial benefits on the grantee, to be recorded, there can be no doubt that it will afford *prima facie*

evidence, and even strong presumptive evidence, of a delivery to and acceptance by the grantee; but such presumption can be overcome by evidence that no delivery in fact was intended, and none made. At least the clear weight of authority holds that to be the correct rule. Webb on Record of Title (sec. 144) says: "As a general rule, delivery of a deed or other instrument is essential to its valid registration, for the reason that until delivery the deed is incomplete, and its record can not impart constructive notice of a change of ownership that has not occurred. * * * The recording of a deed is not equivalent to delivery, but, like possession of it, is *prima facie* evidence of that fact, subject to be overcome by contrary proof." The following authorities sustain this view: Metcalfe vs. Brandon, 60 Miss. 685; Younge vs. Guilbeau, 3 Wall. 636; Leppoc vs. Nat. Union Bank, 32 Md. 136; Hawkes vs. Pike, 105 Mass. 560, S. C. 7 Am. Rep. 554; Samson vs. Thornton, 3 Met. 275, S. C. 37 Am. Dec. 135; Gilbert vs. North Am. Fire Ins. Co., 23 Wend. 43, S. C. 35 Am. Dec. 543; Cravens vs. Rossiter, 116 Mo. 338, 22 S. W. Rep. 736, S. C. 38 Am. St. Rep. 605, and note; Alexander vs. Alexander, 71 Ala. 295; Devlin on Deeds, sec. 292.

What would be the legal status of a *bona fide* purchaser from a grantee in a deed caused to be recorded by the grantor, but without any intention of its operating as an instant delivery, and without any delivery in fact, is not involved in this suit. Both the grantor and grantee agree in their testimony that no delivery of the deeds between them ever took place, and none was intended by the recording of the deeds. The delivery of the deeds were to take place, according to their statements, on the future contingency of the

plaintiff's recovery of the land from parties in possession, and the claims of no *bona fide* purchaser from the grantee are involved.

Doubtless the decision of the Circuit Court was influenced by the case of Levy vs. Cox, 22 Fla. 546. All that is said in the opinion in that case is, that "the defendant stated in his evidence that the deed was never delivered to B. F. Cox. It was recorded five days after its execution, and this was equivalent to a delivery." What was said was based, we must assume, upon the facts of the case. It appears that the defendant Cox had agreed to purchase the land in dispute under a written contract specifying the terms of payment of purchase money and when the deed should be made to him. He agreed subsequently that upon the payment of purchase money, or balance of it due, by one Williams, the deed should be made to him, with the further understanding that when he, Williams, was reimbursed what he had paid, a deed should be made to defendant's son, B. F. Cox. Williams made the deed to the son who died leaving a wife only surviving, who sold and conveyed the land to Levy, the plaintiff. The court distinctly held that Levy was an innocent purchaser, and the head-note on this point is, that when a party claiming land, for which he has not received a conveyance, voluntarily directs a deed to be made to another person, he is estopped thereby from asserting title thereto, as against an innocent purchaser thereof by regular conveyance from the sole heir of the person in whose name said deed was made. The defendant in the case mentioned being estopped from asserting title against Levy, an innocent purchaser, the purpose of the court in reference to the delivery of the deed to B. F. Cox was to

hold that the deed, being recorded five days after its execution, was equivalent to a delivery so far as Levy, the innocent purchaser, was concerned. See Levy vs. Cox, 22 Fla. 580.

Although plaintiff in error introduced evidence, without objection, that he never delivered the deed to his son, and that the record of it was not designed to have such effect, yet the jury could not, consistently with the instruction given, accept this view of the evidence. It is not a good answer to this conclusion to say that the plaintiff and his witnesses on the point of delivery were impeached, and the jury had a right to disbelieve them entirely. It is true that on the evidence the question of the veracity of the plaintiff and his witnesses was for the jury, but that did not deprive the plaintiff of the right to have the case properly presented to the jury, and where error appears in this respect, a reversal will follow unless it affirmatively appears that no harm was done.

After the defendants closed their testimony, plaintiff introduced parol evidence showing that a copy of the warrant required to be attached to one of the assessment rolls was not recorded in the minutes of the board of county commissioners, and that no list of the lands sold for the non-payment of taxes for the year 1887 was filed by the collector in the office of the Clerk of the Circuit Court, and entered by him in a book provided for that purpose. The testimony offered showed that there was no record in the clerk's office of the list of such sales for that year, and in fact that there was no book then kept in the clerk's office for such purpose. The bill of exceptions states that the assessment roll for the year 1887 was read to the jury; the purpose of which, we presume, was to show an il-

legal assessment of the land. Plaintiff in error then moved the court to exclude the tax deed from the evidence, because it was void, and that the evidence in rebuttal showed the sale to be a nullity, the land never having been properly assessed. The court denied the motion, and this ruling is assigned as error. No part of any assessment roll has been copied into the bill of exceptions, and no reference is made therein to any as an exhibit to the bill. Under the order of the court, an assessment roll for the year 1887 has been transmitted by the Clerk of the Circuit Court to this court.

We intimate no opinion as to the sufficiency of the assessment of the land for the year 1887, as there is doubt as to the identity of the roll sent up, and also as to the right of the plaintiff in error to avail himself of it in the shape in which it is sought to be presented here. We entertain no doubt, however, that the failure, as shown by the proof, to file and enter in the clerk's office the list of the lands sold, required by section 52, Chapter 3681, laws of 1887, under which the sale of the land in question took place, rendered the tax deed subsequently made void. Black on Tax Titles, secs. 303, 304, 305 and 306. But plaintiff in error did not proceed according to proper practice to avail himself of such defect in the tax deed. The statute made the deed *prima facie* evidence of a valid title, and when parol evidence had been introduced impeaching its validity, a motion to strike out should not have been made, but the court should have been requested by plaintiff in error to charge the jury on the subject. This seems to be the practice approved in the case of Daniel vs. Taylor, 33 Fla. 636, 15 South. Rep. 313. Plaintiff in error requested no charges on

the subject, nor was any exception taken to the instructions given by the court of its own motion.

For the error stated, an order for reversal and new trial will be entered.