SOLEDAD B. PARKEN, *Appellant*, v. MARGARITA SAFFORD, GLADYS SAFFORD, LEANDRO T. SAFFORD, AND HELEN P. SAFFORD, HIS WIFE, AND LEANDRO T. SAFFORD, AS JOINT GUARDIAN OF GLADYS SAFFORD, *Appellees*.

1. When a general replication is filed to an answer in chancery it thereby puts in issue all the matters alleged in the bill and not admitted in the answer, as well as those matters contained in the answer which are not responsive to the bill.

2. When an answer in chancery concludes with the usual general denial found in such a pleading, it is sufficient to make an issue on material allegations in the bill not admitted in the answer, and to which no especial response is made. Such allegations can not be taken as admitted to be true, but must be proved by at least a preponderance of the testimony.

3. While it is incumbent upon the complainant to prove all the material allegations in the bill which are not admitted in the answer, when the oath to the answer is waived all that the complainant is required to do is to maintain the issue so made by a

Parken v. Saffords *et al.*—Syllabus.

preponderance of the evidence, such an answer not being evidence in favor of the defendant.

4. It is the duty of a court of equity to see that the interests of infants are protected in suits before it, whether the claim or defense be properly pleaded or not, and for this purpose the Chancellor should look to the record in all its parts, and of his own motion give to the infants the benefit of all objections and exceptions appearing thereon, as if specifically interposed.

5. It is a general rule that an infant should not be prejudiced by any act, default or admission on the part of his guardian *ad litem*, an infant being a ward of the court and, therefore, the court is bound to protect the rights of the infant, notwithstanding the failure of the guardian *ad litem* to do so.

6. It is the duty of an appellate court to protect the rights of infants, and to give them the benefit of every ground of defense of which they might have availed themselves in the court below, either in the way of pleading or objections to incompetent or illegal evidence, even though the infants have not appealed from the decree of the chancellor or assigned or argued any errors in the appellate court.

7. Where a material allegation in the bill of complaint is the execution of certain deeds, and the execution of such deeds is denied in the answer, it is incumbent upon the complainant to sustain the allegation as to the execution of the deeds by a preponderance of the evidence, the oath to the answer being waived.

8. The signing, sealing and delivery of a deed in the presence of at least two subscribing witnesses by the party conveying an estate are all essential and no one of these statutory requirements can be dispensed with.

9. The delivery of a deed by the grantor, and its acceptance by the grantee, are essential to convey title.

10. An appeal in chancery opens the whole case for the consideration of the appellate court, and a cross-appeal is not essential to entitle an appellee to a reversal of a decree which contains errors prejudicial to his rights.

This case was decided by the court *En Banc*.

Appeal from Circuit Court for Hillsborough county.

*Statement.*

On the 25th day of May, 1900, the appellant filed her bill in chancery in the Circuit Court for Hillsborough county against the appellees, reciting therein, among other things, that on the 30th day of April, 1887, one Mary J. Safford, a spinster, purchased from A. P. K. Safford the south-east quarter of the south-west quarter of section eighteen township thirty-one south, range seventeen east, together with other lands, in the said county of Hillsborough, for the consideration of $5,000.00, and that on the same day the appellant, who was then the wife of A. P. K. Safford, purchased from the said Mary J. Safford said lands for the consideration of $2,500.00; that a warranty deed was executed and delivered by A. P. K. Safford and appellant to Mary J. Safford, and a warranty deed was also executed and delivered from Mary J. Safford to appellant, whereby the said described land and other lands were intended to be embraced and described in each of said deeds, but, through a mistake of the scrivener in drafting said deeds, in each of them the forty acre parcel of land in question was described as being in township *twenty-seven,* instead of township *thirty-one;* that the said Mary J. Safford and A. P. K. Safford had each died testate, and that appellant, Leandro T. Safford, and Helen P. Safford, his wife, Margarita Safford and Gladys Safford, the last two named being minors, were the sole devisees, legatees and heirs at law of both the said Mary J. Safford and A. P. K. Safford. The bill contained a prayer for a reformation of each of said deeds so that the parcel of land in question would be correctly described therein, and for general relief, the oaths to the answers of the defendants being waived.

All of the defendants were non-residents of the State of Florida and were served by publication. On the 6th day of August, 1900, a decree *pro confesso* was entered against the adult defendants, and on the 17th day of August, 1900, C. W. Stevens was appointed guardian *ad litem* for the in-

fant defendants, Margarita Safford and Gladys Safford. On the 3rd day of September, 1900, said infant defendants filed an answer through their guardian *ad litem,* to the bill of complaint in which they submitted their rights and interests to the tender consideration and protection of the court, praying for strict proof of all the matters alleged in the bill. Said infant defendants also filed a cross-bill, which was demurred to by appellant and the demurrer sustained upon the ground that the matters set up therein were available as a defense by answer.

On the 21st day of February, 1901, the appellant filed a petition, reciting therein that Margarita Safford, one of the defendants, had arrived at the age of twenty-one years and praying for an order requiring said defendant to appear in said cause personally instead of by her guardian *ad litem.* On the 7th day of March, 1901, said defendant, in response to said petition, filed an answer to the bill in which she denied the material allegations therein, especially the delivery of either of said deeds.

Replications were duly filed to said answers, and the cause was thereupon referred to a master to take and report the testimony therein.

Testimony was duly taken by the respective parties before the master or examiner, as well as certain depositions.

On the 15th day of July, 1901, a final decree was rendered by the court in favor of the complainant in accordance with the prayer of the bill.

On the 13th day of August, 1901, the defendants, Margarita Safford and Gladys Safford, filed a petition for a re-hearing, and on the 17th day of January, 1902, filed several affidavits in support thereof. On the 14th day of February, 1902, the court made an order granting said petition, setting aside the final decree rendered on the 15th day of July, 1901, and referring the cause back to the master for the taking of such additional testimony as the parties might see fit to offer.

On the 18th day of February, 1902, the complainant filed a motion, seeking to have the order granting a re-hearing vacated upon a number of grounds set forth therein.

On the 1st day of March said defendants filed a petition for leave to amend the motion or petition for a re-hearing, and at the same time filed the affidavit of C. W. Stevens in support thereof, and on the same day the court made an order granting said motion and ordering the amendment filed as of the date of the 13th day of August, 1901, *nunc pro tunc,* and on the same day made another order denying the motion of complainant to vacate the order granting a re-hearing.

Both the complainant and said defendants then proceeded to take further testimony before the master, and also certain depositions.

On the 17th day of January, 1903, the court rendered a final decree, in which, among other things, it was decreed and ordered that the said two deeds were sustained as a portion of the will of A. P. K. Safford, and that the prayer of the bill of complaint be granted by reforming the deed from A. P. K. Safford and the complainant to Mary J. Safford so as to have the township of the parcel of land in controversy described as thirty-one instead of twenty-seven, and that the deed from Mary J. Safford to complainant be reformed in the like particular, and that said deed be further reformed by inserting before the description of the lands therein, the words, "an undivided one-half interest."

From this decree the complainant has entered an appeal to this court, assigning some ten errors.

The transcript of the record is quite volumious, but, in view of the conclusion which we have reached, we believe the foregoing statement of facts will prove sufficient for a proper understanding of the case. We see no useful purpose to be accomplished by setting forth the pleadings in detail or by an extended discussion of the evidence.

*William Hunter* and *Gunby & Gibbons* for appellant.

*C. W. Stevens* for appellees.

SHACKLEFORD, J. *(after stating the facts)*.—The filing of a replication by the complainant to the answers of the defendants thereby puts in issue all the matters alleged in the bill and not admitted by the answer, as well as those matters contained in the answer which are not responsive to the bill. See *Pinney v. Pinney*, 46 Fla. 559, 35 South. Rep. 95, and authorities therein cited. The answer of Margarita Safford, one of the defendants, contains the usual general denial found in answers in chancery. This is sufficient to make an issue on material allegations in the bill not admitted in the answer, and to which no response is made. Such statements can not be taken as admitted to be true, but must be proved by complainant. *Pinney v. Pinney, supra*. While it thus becomes incumbent upon the complainant to prove all the material allegations in the bill, where the oath to the answers is waived, as was done by the complainant in her bill in the instant case, the answers so filed by defendants do not become evidence in their favor and are not required to be overcome by two witnesses, or one witness and corroborating circumstances. All that the complainant is required to do in such a case is to maintain the issue so made by a preponderance of the evidence. *Kahn v. Weinlander*, 39 Fla. 210, 22 South. Rep. 653. It must also be borne in mind that one of the defendants, Gladys Safford, was an infant, and, therefore, "It was the duty of a court of equity to see that the interests of minors are protected in suits before it, whether the claim or defense be properly pleaded or not, and for this purpose the chancellor should look to the record in all its parts, and of his own motion give to the minors the benefit of all objections and exceptions appearing thereon, as if specially pleaded." *Walker v. Redding*, 40 Fla. 124, 23 South. Rep. 565, and authorities therein cited; *Lucas v. Wade*, 43 Fla. 419, 31 South. Rep. 231; 10 Ency. Pl. & Pr.

589, 590, 679, 689 and numerous authorities there cited. See *Pace v. Pace,* 19 Fla. 438. The same rule obtains on appeal, and the appellate court will protect the rights of infants, although no objection or exception is taken, and even though there is no appeal on the part of the infant. 10 Ency. Pl. & Pr. 679, and authorities cited in notes.

In order to authorize or warrant a decree in favor of complainant it was incumbent upon her to sustain by a preponderance of the evidence the allegation in her bill as to the execution of the two deeds in question. Unless this was done, she was not entitled to the relief sought or indeed to any relief. A careful reading of the evidence convinces us that the complainant signally failed to sustain this allegation. In fact, her own testimony, to say nothing of the testimony of other witnesses, or of the circumstances connected therewith, is sufficient to preclude her from obtaining the relief sought. We deem it unnecessary to recite the testimony. Suffice it to say that there was a lack of proof as to the execution of either deed in the presence of two witnesses. There was no sufficient showing that either deed was ever delivered to the grantee named therein or to any one for either of said grantees. That the delivery of a deed by the grantor, and its acceptance by the grantee, are essential to convey title, see *Ellis v. Clark,* 39 Fla. 714, 23 South. Rep. 410 ; *Loubat v. Kipp,* 9 Fla. 60 ; *Hart v. Bostwick,* 14 Fla. 162 ; 13 Cyc. 560. Also see Rev. Stats., 1892, section 1950, which was originally enacted in 1828.

Having found that there was no execution of the deeds in question, and hence that they were never operative or effective as deeds, it necessarily follows that both the decree of July 15th, 1901, as well as the decree of January 17th, 1903, were improperly rendered. This makes it unnecessary for us to consider the errors assigned by appellant or to express any opinion as to the errors and irregularities of which she complains.

It is well settled in this court that "An appeal in

chancery opens the whole case for the consideration of the appellate court, and a cross-appeal is not essential to entitle an appellee to a reversal of a decree which contains errors prejudicial to his rights." *Neubet v. Massman,* 37 Fla. 91, 19 South. Rep. 625, and authorities cited therein. See especially *Foster v. Ambler,* 24 Fla. 519, 5 South. Rep. 263.

It follows from what has been said that the decree must be reversed, and it is so ordered, with directions to dismiss the bill, the costs of this appellate proceeding to be taxed against the appellant.

TAYLOR, C. J., and COCKRELL, HOCKER and WHITFIELD, JJ., concur.

CARTER, J., absent.