T. L. SMITH, MRS. HENRY BURNETT, A WIDOW, E. B. SMITH, OWEN SMITH AND LUTHER SMITH, *Appellants,* v. W. T. OWENS, *Appellee.*

En Banc.

Opinion Filed May 24, 1926.

*E. Dixie Beggs* and *W. Turner Davis,* for Appellants;

*R. H. Rowe,* for Appellee.

BROWN, C. J.—This cause is before this court on appeal from the final decree entered by the chancellor in the court below in a suit brought by T. L. Smith and others, heirs-at-law of a deceased daughter of G. Owens, deceased, to cancel a certain deed of conveyance made by G. Owens to defendant, W. T. Owens, and for partition of the property described in the bill of complaint, which embraced other lands in addition to those described in the deed sought to be cancelled.

In their bill, the complainants alleged that on March 6, 1912, G. Owens and his wife executed a deed of conveyance to said W. T. Owens, an adult sixty-eight years of age, to certain described property, comprising some thirty-four acres of land, which deed provided that the grantor's wife should have the right to have a home undisputed, during

her natural life, on said described land; that on April 14, 1914, said G. Owens deposited the deed with the Clerk of the Circuit Court for recording and that the same was duly recorded; that the grantor then took possession of the deed and kept it with his papers and effects; that said deed was not delivered to W. T. Owens or to anyone for delivery to him, and that W. T. Owens had no knowledge of its execution, until after the death of G. Owens, when he, the said W. T. Owens, found the deed in the said G. Owen's papers and effects; that said deed was not, during the life of said G. Owens, or the life of his said wife, accepted by the said W. T. Owens or anyone acting for him or in his behalf, and that the same constitutes a cloud upon the title of complainants. That G. Owens died on January 26, 1919, leaving as his only heirs-at-law Mrs. J. P. Smith, a widow, and the said W. T. Owens, his daughter and son; and that at his death these two became the owners of said property as tenants in common, each having an undivided one-half interest by descent from their father. That said Mrs. J. P. Smith died on November 12, 1919, leaving the complainants as her heirs-at-law and hence vesting them with her undivided half interest. That Mrs. Bettie Owens, the wife of G. Owens, had died intestate prior to the death of said G. Owens. The bill prayed the cancellation of the said deed to W. T. Owens and concluded with the usual prayer for partition.

W. T. Owens filed an answer in which he admitted the execution of the deed to him, and its recordation, as alleged in the bill, and its possession after such recordation by the grantor, but alleged that said instrument was, on or about January 26, 1919, delivered to Mrs. Henry Burnett, by the grantor, for delivery to the defendant, in the lifetime of said G. Owens, and was delivered afterwards, on the same day, or a short time thereafter, to the defendant, who ac-

cepted the same. That defendant knew before the death of G. Owens that the instrument had been executed and has assented thereto. That after the death of said G. Owens, the said deed was among certain papers which had been in the possession of G. Owens but that he had parted with the possession of the papers during his lifetime and that they were not his papers at the time of his death.

Considerable testimony was taken and the chancellor rendered the final decree dismissing the bill as to the real estate described in the deed from G. Owens to W. T. Owens, above mentioned, but providing for the partition of the remaining lands described in the bill.

There are seventy-five errors assigned by the appellants but only two of them are argued, the same being numbered 45 and 75, and it is only necessary here to consider assignment of error number 75, which attacks the action of the court in dismissing the bill as to the lands described in said deed, and which raises the controlling question in the cause. Evidence was adduced by the respective parties tending to support the allegations of both the bill and the answer, leaving as practically the only matter in dispute the question of whether or not, under the facts in evidence, there was such a delivery of the deed by G. Owens before his death as would result in vesting the title to the lands described in the deed in the said W. T. Owens.

The evidence shows that after the execution and recording of the deed, said G. Owens repossessed the same, and appellants contend that he retained possession and control of the deed until his death, while appellee contends that just a short while before his death the grantor delivered the deed to Mrs. Burnett for delivery by her to the appellee, which was done immediately after his death.

While the question presented is not without difficulty, we cannot escape the conviction that there was sufficient

evidence in this case to sustain the decree of the court below on the question of delivery of the deed. The rule is, that the chancellor's conclusions on the facts will not be reversed unless it clearly appears that he has erred in such conclusions, and, in our opinion, no such error clearly appears.

One of the witnesses, Mrs. Burnett, who had formerly acted as housekeeper in the home of Mr. G. Owens, testified that some two or three years before his death, Mr. Owens asked her to get the tin box in which he kept his papers and bring it to him out on the porch, where he was at the time. She obtained the tin box from its usual place on the mantelpiece and brought it to him and he opened the box and took the papers out in his hand among them the deed in question and told her that, "if you are here in my last hours, will you give this to Billie?" It is conceded that he referred to his son W. T. Owens, and that among the papers was the deed in question. After giving these direction, he closed the box and she took it and returned it to its usual place on the mantel. There was also evidence that Mr. G. Owens had told his son's daughter, during his lifetime, and several friends, that he had made the deed to his home place to his son, giving just reasons why he had done so in view of what he had given his daughter, Mrs. Smith, during his life time.

During his last hours, the aged and dying man sent for Mrs. Burnett, who had married and ceased her employment as housekeeper sometime before, to come to him, and told her to remember what he had formerly told her and to deliver the tin box which contained the deed to "Billie"; the box being at the time in its usual place on the mantel in the same room. No conditions were attached to this unequivocal, final order or direction. This was, in our opinion, as effective a delivery of the deed into the custody

of Mrs. Burnett for Billie Owens as was possible under the circumstances, and in legal effect the same as if Mr. G. Owens had, were it possible to have done so, gotten up and taken the box off the mantel and handed it to Mrs. Burnett, or if he had had some one hand him the box and then handed it to Mrs. Burnett—which it is hardly probable he had strength to do—with the same directions, and she had then placed it back in the same place on the mantel to stay there until W. T. Owens arrived. At the time these directions were given, the box was where Mrs. Burnett could easily have taken manual possession of it and carried it away if she had so desired, it being beyond the power of the sick man to have prevented it; but this was not necessary, no one present evincing any desire to frustrate the expressed wishes of Mr. Owens. The dying man never changed or withdrew the directions given, nor referred to the matter again, and it is evident that he intended to part with all dominion and control over the instrument when he gave the above directions. It was under the circumstances equivalent to a manual delivery. The intent to deliver the deed was made plain. An hour later he was dead. And in another hour or so, his son arrived and the box was delivered to him, and it contained the deed. The fact that Mr. Owens did not make actual physical delivery of the key to the box, which, when he was up and about he usually carried in his pocket, is not material. It is not to be presumed that he had the key with him at the time, and it appears that his son had no difficulty in getting the key a few hours later. Furthermore, if the box could not have been opened without the key, being an ordinary tin box such as papers are kept in, it could very easily have been pried or broken open, and the box was, a few hours later, after W. T. Owens had arrived, which was shortly after

his father's death, delivered into the hands of the latter by Mrs. Burnett through Mrs. Smith, and accepted by him.

What more could the stricken man have done, under the circumstances, than he did do, to manifest his desire and intention to deliver the deed to his son, and to give effect to that intention? Do not the above circumstances show clearly that at the time he reminded Mrs. Burnett of his previous request and asked her to deliver the box to his son, that he intended to part with all dominion and control over the box and the deed which it contained: We think so; and that this conclusion is in harmony with the meaning of the rule laid down in the case of Pratt v. Carns, 80 Fla. 243, 85 So. 681.

The property conveyed was valuable and unencumbered, and acceptance imposed no burden on the grantee, such as the assumption of an unpaid mortgage, or the like. The acceptance by Mrs. Burnett for delivery to W. T. Owens was subsequently ratified by his assent thereto. While it is not necessary to apply the doctrine in this case, under certain circumstances, where the deed imposes no burden, acceptance, in absence of proof to the contrary, will be presumed. Such; for instance, as a deed by a father to a minor child. There are also other instances. See Devlin on Real Estate, Secs. 286-289.

Whether a complete and unconditional delivery is intended by a grantor when he delivers a deed to a third person to deliver the same to the grantee, is a question of fact to be determined from all the circumstances surrounding the transaction. Bruner v. Hart, 59 Fla. 171, 177, 51 So. 593. Actual manual delivery and change of possession are not always required in order to constitute an effectual delivery. The intention of the grantor is the determining factor. Devlin on Real Estate, Sec. 269; 18 C. J. 200, 201. In the well considered case of Gulf Red Cedar Co. v. Cran-

shaw, 169 Ala. 606, 53 So. 802, the following propositions are announced: No formality or particular words or acts are essential to the delivery of a deed, delivery being a matter of intention, which may be manifested by acts and declarations, and may consist of a transfer of the conveyance without spoken words, or by spoken words without manual act. The delivery of a deed may be to a third person to hold in trust for the grantee without the knowledge or possession of the grantee until after the death of the grantor. Where a deed is for the benefit of the grantee, and imposes no burdens or duties on him, an acceptance is presumed. The test of delivery of a conveyance is whether the grantor intended to reserve to himself the *locus poenitentiae,* and, if he did, there is no delivery; but if he part with the control of the deed, or evinces an intention to do so, and to pass it to the grantee, though he may retain the custody or turn it over to another, or place it upon record, the delivery is complete.

In Devlin on Real Estate, the following principles appear:

"It is not essential that the delivery of the deed should be made to the grantee personally. It may be made to some other person for his benefit. A deed need not necessarily be delivered directly to the grantee himself. A delivery to any other person for him and to his use is sufficient. If it has passed beyond the control of the grantor by his own act, accompanied with declarations that it is delivered for the use and benefit of the grantee, it shall have the same effect in the hands of the custodian, though a stranger, as if delivered to the party beneficially entitled." Devlin on Real Estate, Sec. 2275. Where the grantor delivers an envelope containing a deed to a third person for delivery to his son, with the statement that if anything should happen to him, the contents of the envelope are for his son,

such delivery is sufficient though the grantor dies before the custodian makes actual delivery to the son, and the title passes and the deed takes effect upon the grantor's death by relation from the original delivery. Id., Sec. 275 c. "When a grantee is ignorant of the execution of a deed which has been delivered to a stranger for the grantee's benefit, but when informed of the fact accepts the conveyance, the deed becomes operative and, where the rights of third persons have not intervened, takes effect from the date of the first delivery." Id., Sec. 276. Of course, where a deed remains in the possession of the grantor to be delivered and to take effect after his death, there being neither actual nor constructive delivery during the grantor's life, the deed is void for want of delivery during his lifetime. Id., 279. "Unless the delivery be continuous, as in the case of depositing the deed with a third person for the benefit of the grantee or placing it on record, the acceptance must be contemporaneous with the delivery. * * * The acceptance, where a deed has been delivered to a third person for the grantee's benefit, relates back to the time of the original delivery, if the rights of other persons have not intervened." Id. 285. "When a deed is for the benefit of the grantee, the presumption of delivery can be overcome by evidence of actual dissent on the part of the grantee." Id., 285 a. See also in support of the above propositions 18 C. J. pages 200-214, and cases cited; Haeg v. Haeg, (Minn.) 54 N. W. 114. The above shows the trend of the authorities.

This deed had been not only duly executed and acknowledged, but placed on record by the grantor, who after the recording of same re-possessed the deed and placed it in the tin box. It has been held in this state that the recording of a deed, in the absence of any fraud on the part of the

grantor, is equivalent to a delivery thereof. Levy v. Cox, 22 Fla. 546, cited with approval in International Kaolin Co. v. Vause, 55 Fla. 641, p. 649, 46 So. 3; Gulf Red Cedar Co. v. Cranshaw, *supra*.

The general rule seems to be that the *recording* of a deed creates a *presumption of delivery*, which, when coupled with other circumstances showing an intention to deliver the instrument to the grantee, evidences an absolute delivery. 18 C. J. 207. As Devlin expresses it, the registration of a deed is *prima facie* evidence of its delivery, which may be rebutted by other evidence. Devlin on Real Estate, Sec. 292. See also Ellis v. Clark, 39 Fla. 714, 23 So. 410.

Although the repossesion of the deed by the grantor here after it was recorded may tend to rebut the presumption of delivery from the recording alone, which is a question not necessary to a decision of this case, it would appear that the recording by the grantor is a circumstance which, together with all the other circumstances above mentioned, evidenced a settled desire and intention on his part to deliver the same to his son before his death, and that the incident above related which occurred just before his death, under all the circumstances, amounted to a delivery of the deed. We cannot, therefore, escape the conclusion that the decree of the lower court should be affirmed.

Affirmed.

ELLIS, TERRELL AND STRUM, J. J., concur;

WHITFIELD AND BUFORD, J. J., dissent.

BUFORD, J., DISSENTING.—The main question presented to this Court is: whether or not there was an effectual delivery of the deed under which the appellee asserts title.

After careful consideration of all evidence adduced, I

am of the opinion that the probative force of the evidence shows no delivery by the grantor to the grantee, the appellee here, of the deed under which appellee claimed title to the land described in the 75th assignment of error.

The evidence shows that the deed in controversy was made and executed on the 6th day of March, 1912; that it was recorded on the 14th day of April, 1914, in the public records of Madison County, Florida, in Deed Book 31, page 776. That one of the grantors named in the deed, to-wit, G. Owens deposited the deed for record and afterwards retook the possession thereof, and from then until the time of his death retained possession and control of the deed.

The evidence further shows that G. Owens, the grantor, about three (3) years before his death told his housekeeper, now Mrs. Henry Burnett, that if she should be present during his last hours he wished her to deliver to W. T. Owens, (called Billie Owens,) a certain tin box with its contents, one paper of which contents was this deed, but he did not then deliver the deed to the housekeeper but retained it in his possession and control.

During his last hours, G. Owens sent for Mrs. Burnett and told her about an hour before he died that he wanted her to follow his prior request and deliver the tin box and its contents to Billie Owens, but he did not deliver the deed into her manual possession. The deed at all times during the life of G. Owens was under his domination and control.

The law appears to be well settled that the facts above stated will not constitute such a delivery of a deed as will effectually pass title by such a conveyance.

We might quote from many writers of the law, enunciations of this rule and cite numerous authorities in support thereof, but as this Court has heretofore in the case of Pratt et al v. Carns et al, 80 Fla. 243, 85 Southern 681, speaking

through Mr. JUSTICE WEST, used the following language:

"Delivery of a deed is essential to the passing of the title to the property intended to be conveyed to the grantee. The placing of the deed in the hands of a third person for future delivery to the grantee may constitute a delivery, but to accomplish this purpose it must be made to appear that in placing the deed in the hands of such third person the grantor intended to, and in fact did relinquish and surrender all dominion and control over such deed." It is not necessary to cite additional authorities from other states supporting this view; such authorities will be found, however, in the opinion referred to.

It appears that the deed was not delivered and that therefore title to the land described did not thereby pass to the grantee named in the deed.

Other cases in which we find this rule has been recognized are:

Loubat v. Kipss, 9 Fla. 60, Hart v. Bostwick, 14 Fla. 162, Ellis v. Clark, 39 Fla. 714, 23 So. 410.

Parken v. Safford, 48 Fla. 290, 37 So. 567, Brunner v. Hart, 59 Fla. 171, 51 So. 593.

I therefore cannot concur in the conclusions reached by my associates and must dissent from the majority opinion filed in this case.

WHITFIELD, J., concurs.