MAGER, C. J.,
dissenting:
With all due respect to this court and the learned trial judge it is my humble opinion that the record reflects sufficient evidence to demonstrate the existence of a substantial change of circumstances bearing upon the welfare of the children involved so as to support the appellant-father’s petition for change of custody. 10A Fla.Jur., Dissolution of Marriage, § 330.
Furthermore, and apart from the foregoing, the record reflects that although the appellee-mother was originally awarded custody the court thereafter awarded temporary custody of the children to the father based upon the father’s verified petition for modification. The record also reflects that after having been granted custody, the ap-pellee-mother left the children with the father for a ten-month period preceding the father’s application to the court for modification.
Having found a justifiable basis to award temporary custody to the father (pending a final determination) the trial court, most respectfully, abused its discretion in dissolving that order without awaiting completion of an investigation by the Division of Family Services. Cf. Parken v. Safford, 48 Fla. 290, 37 So. 567 (1904). Undoubtedly, the trial court’s paramount concern was the welfare of the children, which, in my opinion, could best have been promoted by maintaining the status quo pending completion of the investigation by the Division of Family Services.
Accordingly, based upon the rationale in Parken v. Safford, supra, that portion of the judgment below canceling the order granting the father temporary custody should be vacated and set aside.