371 So.2d 123 (1978)
Alney PARRAMORE, Appellant,
v.
Eudell PARRAMORE, Juanita Parramore, Bernice Mae Gomez, Iris P. Mullen, and the Quincy State Bank, Appellees.
No. II-11.
District Court of Appeal of Florida, First District.
December 7, 1978.
*124 Guyte P. McCord, III of Spector & Tunnicliff, Tallahassee, for appellant.
W.J. Oven, Jr., Tallahassee, and Alton M. Towles of Gregory & Towles, Quincy, for appellees.
SMITH, Acting Chief Judge.
Appellant Alney Parramore and his brother and sisters, appellees Eudell, Bernice, and Iris, are the four surviving children of Fred Parramore of Gadsden County, who died there in November 1974. Fred Parramore's estate was almost entirely in Gadsden County lands, and his plan was to parcel and convey those lands to his children at his death. He implemented that plan by inter vivos deeds purporting to convey life estates to himself and his wife with remainder interests to his children. In May 1963, the deeds were executed and acknowledged, but not delivered to the grantees. Fred placed the deeds with his will in a safe deposit box of a Quincy bank and instructed his children to pick up their deeds at his death. Fred survived his wife, later delivered Alney's deed to him, and, six months before his death, made another conveyance to Alney, the apparent effect of which was to release Fred's life estate and merge the fee in Alney. But Fred's deeds conveying remainder interests to appellees Eudell, Bernice and Iris were never handed over to them during Fred's lifetime.
Appellant Alney, whose parcel is securely vested in him, urges that the inter vivos deeds of remainder interests to his brother and sisters failed for want of delivery, and that the affected lands pass to all four children equally by the residuary clause of Fred's will. After a trial in which the decedent's later years were explored for evidence of his intent, the circuit court held that Fred Parramore's words and acts accomplished a symbolic and constructive delivery of the deeds during his lifetime, and that the remainder estates were vested in Eudell, Bernice, and Iris before their father's death. Alney appeals. We affirm.
Delivery is "the life of a deed"; without it no deed is good, though "the intent to deliver is clear and failure to deliver due to accident." Lance v. Smith, 123 Fla. 461, 468, 167 So. 366, 369 (1936). Yet delivery is not an exact ceremony, to be done invariably in a particular way. The clearest delivery is by "a manual tradition of the prepared deed with accompanying words or circumstances showing an appropriate intent." 1 R. Boyer, Florida Real Estate Transactions, Section 9.01 at 136 (1977). But a grantor may fully relinquish a deed, signifying a conveyance, otherwise than by placing it in the grantee's hands. The grantor may hand his deed to a person not the grantee, with directions to deliver it; and, if an intent to relinquish the deed is shown, and the grantor's directions eventually are carried out, delivery is regarded as having been accomplished even though it cannot be proved absolutely that the grantor could never have retrieved the deed. Fleming v. Fleming, 352 So.2d 895 (Fla.1st DCA 1977); see also Williams v. Williams, 149 Fla. 454, 6 So.2d 275 (1942); Pratt v. Carns, 80 Fla. 243, 85 So. 681 (1920); Videon v. Cowart, 241 So.2d 434 (Fla.1st DCA 1970), cert. denied, 245 So.2d 88 (Fla. 1971); Brown v. Hutch, 156 So.2d 683 (Fla.2d DCA 1963), cert. denied, 162 So.2d 665 (Fla. 1964).
As is stated in Smith v. Owens, 91 Fla. 995, 1001 02, 108 So. 891, 893 (1926), the critical issue respecting delivery is *125 whether the grantor's intent and action released or reserved the locus poenitentiae, the opportunity to change his mind:
Actual manual delivery and change of possession are not always required in order to constitute an effectual delivery. The intention of the grantor is the determining factor... . In the well-considered case of Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 53 So. 812, the following propositions are announced: No formality or particular words or acts are essential to the delivery of a deed; delivery being a matter of intention, which may be manifested by acts and declarations, and may consist of a transfer of the conveyance without spoken words, or by spoken words without manual act... The test of delivery of a conveyance is whether the grantor intended to reserve to himself the locus poenitentiae, and, if he did, there is no delivery; but if he parts with the control of the deed, or evinces an intention to do so, and to pass it to the grantee, though he may retain the custody or turn it over to another, or place it upon record, the delivery is complete.
In that decision the Supreme Court held that a grantor, intending to deliver a deed "in my last hours," accomplished that by recording the deed five years before his death, retaining the deed in a locked tin box on his mantlepiece, and giving his housekeeper, on the day of his death, an "unequivocal, final order or direction" to deliver the deed. Though the grantor did not hand the deed to the housekeeper, and the housekeeper did not immediately take it from the box, the court found that the grantor relinquished the deed, effected delivery, and perfected the conveyance during his lifetime:
It was, under the circumstances, equivalent to a manual delivery. The intent to deliver the deed was made plain. An hour later he was dead. And in another hour or so, his son arrived, and the box was delivered to him, and it contained the deed. [91 Fla. at 1000, 108 So. at 893.]
In finding that delivery occurred, the court in Smith v. Owen acknowledged a "presumption of delivery" arising from the grantor's act of recording the deed some five years before his death; and also noted that the grantor's retaking the deed "may tend to rebut the presumption." 91 Fla. at 1004, 108 So. at 894. In this case there was no recordation, and consequently no "presumption;" but here as in Smith v. Owens the critical issue was one of fact.
We believe there is substantial competent evidence to support the trial court's decision that Fred Parramore, during his life, vested remainder interests in his children by conduct recognizable as delivery of the deeds. We need not rely on the troublesome test suggested by disjunctives in the first-quoted passages from Smith v. Owen: that delivery is complete if the grantor evinces an intention to deliver, though he retains custody. Neither is it necessary that we fix the exact moment of delivery; we are concerned with the totality of the evidence spanning years of the grantor's life. It is enough that Fred Parramore, unsophisticated in such matters, signed deeds creating remainder interests in his several children and put the deeds beyond his immediate reach in a place which he understandably regarded and verbally identified as the appropriate depository for instruments having practical effect at life's end; that he invariably spoke and acted to indicate that he considered the children's remainder interests vested, even to the point of declaring to a prospective buyer that he could not convey the land because it had been deeded away; and that he did not again take the deeds into his more immediate possession or otherwise disturb them. There is no reason why the grantor's evident intent, as discerned by the trial court, should not be regarded as effectuated by his conduct; nor any reason to doubt that his deeds were thereby delivered by all ceremonies that the law may sensibly require.
AFFIRMED.
MELVIN and BOOTH, JJ., concur.