**In the Matter of Winnie Lee COOMBS, Debtor.**

**Bankruptcy No. 82–2357.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 23, 1983.

Paul Waggoner, Bokeelia, Fla., for debtor.

Diane Jensen, Fort Myers, Fla., trustee.

## ORDER ON TRUSTEE'S OBJECTION TO LISTED EXEMPT PROPERTY

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS CAUSE came on for hearing upon the Trustee's Objection to Listed Exempt Property filed by Diane L. Jensen, the Chapter 7 Trustee in the above-styled case. The Trustee seeks the entry of an order declaring that Winnie L. Coombs, the Debtor, was not the head of the family at the time she filed a voluntary petition for relief pursuant to Chapter 7 and, therefore, is not entitled to the exemptions provided by Art. X, § 4, Fla. Const.

It is the Debtor's position that while she did not qualify as head of household, in her own right, on the date of filing her petition, she is entitled to the benefit of the homestead exemptions available to the "head of household" by virtue of § 222.19 Fla.Stat. (1981) which provides that "... the head of household status required to qualify the owner's property for homestead exemption

... shall inure to the benefit of the surviving tenant by the entirety or the spouse of the owner..." § 222.19 Fla.Stat. (1981).

The Court heard argument of counsel, considered the record and finds the following undisputed facts:

On August 21, 1981, the Debtor and her husband Victor L. Coombs, executed a separation agreement, for the purpose of settling all rights arising from their marital relationship. The Debtor and her spouse were married on November 30, 1964 and the agreement of August 21, 1981 embodies the parties' agreements as to matters of child custody, child support, alimony, division of property, both personal and real, indebtedness, tax returns, and so forth.

The Separation Agreement provides in part:

*Real Property:* The parties have agreed that the wife shall have the following real property as her sole and absolute property, as *lump sum alimony:* Lot 56 of that certain subdivision known as Gulf Shores Estates, according to the map or plat thereof on file in Lee County, Florida, attached to the Official Records Book 469, pages 172 through 176. (emphasis supplied)

It is expressly agreed and understood that the wife shall be responsible for any and all mortgage indebtedness on the above described real property and shall hold the Husband harmless therefrom. *Necessary Documents:* Each of the parties shall execute and deliver to the other party any documents that may be reasonably required to accomplish the intention of this instrument and shall do all other necessary things to this end...

On August 26, 1981, pursuant to the terms of the Separation Agreement, Victor L. Coombs, executed a deed in favor of the Debtor, for the purpose of conveying his interest in the subject property which was held by Victor Coombs and the Debtor, as tenants by the entirety. Victor Coombs delivered the executed deed to Mr. Charles Hagan, the attorney who prepared the separation agreement and on August 28, 1981, also filed a dissolution of marriage proceeding on behalf of Winnie L. Coombs, in the Circuit Court for Lee County, Florida. The dissolution petition was accompanied by a waiver and answer executed by Victor L. Coombs, whereby he waived any and all notice of the dissolution proceeding.

On October 9, 1981, prior to the entry of a final judgment in the dissolution of marriage action, Victor L. Coombs died. Mr. Hagan, who held the previously executed deed to the subject property, mailed the same to the Debtor with instructions to either record the deed or record an affidavit of surviving tenant by the entireties. On October 21, 1981, the Debtor recorded the Deed in the Office of the Clerk of the Circuit Court, in and for Lee County, Florida (Official Records Book 1554, page 136).

On November 8, 1982, Winnie Coombs filed a Voluntary Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code. The Debtor listed, on the accompanying Schedule A–3, nine unsecured creditors representing a total unsecured debt in the amount of $50,341.51. All of the listed unsecured claims represent debts which arose as a result of medical treatment provided to the Debtor's deceased spouse. In addition, Schedule B–4, listed as exempt property, personalty in the amount of $985 and the subject real property in the amount of $20,563.75. There is no doubt that at the time the Debtor filed the Petition for Relief, the Debtor was not supporting anyone other than herself; the Debtor's sole minor child was married in September, 1982.

The Trustee contends that the Debtor was not the head of household, was not supporting anyone as the head of the family at the time of the Petition, and is, therefore, not entitled to claim the benefits provided by homestead exemption. Further, the Trustee contends that the Debtor does not qualify for the benefits of the homestead exemption, as applied to the real property or her automobile, pursuant to § 222.19 Fla.Stat. (1981), because both the real property and the auto were owned by the Debtor in her individual capacity at the time of her husband's death. § 222.19 Fla. Stat. (1981) provides in pertinent part:

§ 222.19. Surviving Spouse as Head of Family; defined

(2) The head of family status required to qualify the owner's property for homestead exemption ... shall inure to the benefit of the *surviving tenant by the entirety* or spouse of the owner. The acquisition of this status shall inure to the surviving spouse irrespective of the fact that there are not two persons living together as one family under the direction of one of them who is recognized as the head of the family.

The Trustee contends that the delivery of the deed to the subject property, by Victor Coombs to Charles Hagan constituted an absolute, unconditional delivery to a third person, pursuant to the express terms of the separation agreement, rather than a conditional delivery in contemplation of or as an incident to the anticipated dissolution of marriage. Accordingly, the Trustee contends that the delivery of the deed was complete and the conveyance effective on August 26, 1981, prior to the death of Victor L. Coombs. Under this theory, the Debtor is neither a surviving tenant by the entirety nor the spouse of the owner of the property.

Finally, it is the Trustee's position that the Debtor is not entitled to claim as exempt the 1974 Rambler, valued at $300 because the automobile was at all times the individual property of the Debtor.

■ There is no doubt that the facts which give rise to this controversy are unique; however, this Court is satisfied that in light of the totality of the circumstances, the Debtor is entitled to enjoy the benefits of the homestead exemption created by Art. X, § 4(a)(1) Fla. Const. pursuant to § 222.19 Fla.Stat., as applied to the subject real property.

■ There is no doubt, and the law is clear, that delivery of a deed to a third person is sufficient delivery where the grantor without condition or reservation places the deed with the third party, with instructions to deliver the same to the grantee at sometime in the future. *See,*

*Brown v. Hutch,* 156 So.2d 683 (Fla. 2d DCA 1963). As noted in *Smith v. Owens,* 91 Fla. 995, 1001, 108 So. 891, 893 (1926), the critical issue is whether the grantor's intent and action released or reserved to himself, the opportunity to change his mind.

The question of whether or not a complete and unconditional delivery was intended by a grantor when he transmitted a deed to a third person for delivery to a grantee is a question of fact determined from all the circumstances surrounding the transaction.

*Brown v. Hutch, supra* 156 So.2d at 687 (citing *Bruner v. Hart,* 59 Fla. 171, 51 So. 593 (1910)).

■ In this case then, it is appropriate to consider both the separation agreement and the subsequent actions of the parties. First, it is noteworthy that the parties to the separation agreement characterized the grant of the real property to the wife, as "lump sum alimony." It is generally recognized that lump sum alimony vests in the recipient at the time the marriage is dissolved with finality; the purpose of the award is to discharge the husband from any obligation after the final judgment is entered. *See, Bezanilla v. Bezanilla,* 65 So.2d 754 (Fla.1953); *Frischkorn v. Frischkorn,* 223 So.2d 380 (Fla. 3d DCA 1969), cert. dismissed 228 So.2d 909 (Fla.1969), cert. denied, 229 So.2d 868 (Fla.1969). While the Court is aware of the fact that the label attached to an award or payment is not conclusive as to its true nature, it is a relevant consideration to determine the intent of the parties.

An examination of the separation agreement reveals that while the parties designated an immediate effective date for the payment of child support, there is no parallel provision regarding the transfer of the real property. The child support provision provides in pertinent part:

That the Husband shall pay ... for child support in the amount of $50 per week, commencing with the date of this Agreement ... until further order of this Court.

The provision indicates the need for immediate payment and implies an anticipated involvement with the Court, presumably in the posture of a dissolution action. It is the opinion of this Court, that if an immediate transfer of the real property had been contemplated by the parties, the transfer date would have been designated in provisions of the agreement, in a manner consistent with the support provision.

Finally, the executed deed remained in the possession of the Debtor's attorney until the death of Victor Coombs, at which point he mailed the same to the Debtor. The Court can find no reason, absent a conditional delivery in contemplation of dissolution, that the attorney would hold the deed in escrow without recording the same in order to cloak the Debtor with the protection of the recording statutes.

■ In light of the foregoing, the Court is of the opinion that the Debtor is entitled to claim the residential property as exempt pursuant to § 222.19 Fla.Stat. Further, the claim of exemption as to the automobile must be disallowed since it is clear that the car was always the individual property of the Debtor and at the time of the Chapter 7 petition, the Debtor did not qualify as head of household in her own right.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Listed Exempt Property filed by Diane L. Jensen, as Trustee, be, and the same hereby is, sustained in part and overruled in part. The Objection to Listed Exempt Property is overruled as to the subject real property and the claim of exemption is allowed. It is further

ORDERED, ADJUDGED AND DECREED that the Objection to Listed Exempt Property as to the 1974 Rambler is sustained, the claim of exemption is disallowed and the 1974 Rambler is declared to be property of the estate. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall immediately turnover to the Trustee the 1974 Rambler.