673 So.2d 979 (1996)
Connie SARGENT, Appellant,
v.
Alan BAXTER, Patricia Ann Smith McGill, Katherine A. Smith, Lee Smith, Michael A. Smith, individually, Michael A. Smith, as Personal Representative and the Estate of John William Smith, Appellees.
No. 95-2330.
District Court of Appeal of Florida, Fourth District.
May 29, 1996.
Merrill A. Bookstein of Law Offices of Merrill A. Bookstein, Boca Raton, for appellant.
*980 Kenneth B. Crenshaw of Kenneth B. Crenshaw, P.A., Palm Springs, for Appellees-Patricia Ann Smith McGill, Katherine A. Smith, Lee Smith, Michael A. Smith, and The Estate of John William Smith.

FASTRACK
STONE, Judge.
In this quiet title action we affirm a judgment determining that two deeds in question are void and cancelling both of record.
John Smith, now deceased, executed a quit claim deed in favor of his daughter, Connie Sargent. He instructed his attorney, Richard Freedman, not to record the deed, saying that he would be back in touch regarding recording. Freedman testified that he would not have recorded the deed without further instruction from Smith.
There was testimony that a few weeks before his death, Smith asked his nephew, Gerald Buscemi, to have Freedman record the deed. However, Buscemi did not contact Freedman before Smith's death. After Smith died, Freedman's office mailed the unrecorded deed to Sargent, who recorded it. Later, the personal representative of Smith's estate executed a quit-claim deed to the same property to himself, individually, and recorded it.
Following a non-jury trial, the trial court ruled that the Smith deed to Sargent failed for lack of delivery. Both deeds were declared void and the court left title to be determined in pending probate proceedings.
Delivery of a deed is essential to its effectiveness; "[w]ithout delivery, nothing passes to the grantee." McCoy v. Love, 382 So.2d 647, 649 (Fla.1979). A deed is essentially worthless as an instrument of title without delivery, even if delivery may have been intended but failed due to an accident. See Lance v. Smith, 123 Fla. 461, 468, 167 So. 366, 369 (1936); Parramore v. Parramore, 371 So.2d 123, 124 (Fla. 1st DCA 1978).
A critical factor in determining whether delivery has been accomplished is whether the grantor retained the "locus poenitentiae," or opportunity to change his or her mind:
The test of delivery of a conveyance is whether the grantor intended to reserve to himself the locus poenitentiae, and, if he did, there is no delivery; but if he parts with the control of the deed, or evinces an intention to do so, and to pass it to the grantee, though he may retain the custody or turn it over to another, or place it upon record, the delivery is complete.
Smith v. Owens, 91 Fla. 995, 1002, 108 So. 891, 893 (1926).
A grantor's recording of a deed, in the absence of fraud on the grantor, is generally presumed equivalent to delivery. Wise v. Wise, 134 Fla. 553, 565-66, 184 So. 91, 96 (1938); Smith, 91 Fla. at 1004, 108 So. at 894; Ellis v. Clark, 39 Fla. 714, 721-22, 23 So. 410, 412 (1897). But in this case, Smith did not record the deed, or cause it to be recorded, during his life. What Smith intended to do cannot be inferred on the basis of what Sargent did after Smith's death. Delivery is not effective when made to a third person pending further instructions from the grantor. See Loubat v. Kipp, 9 Fla. 60, 67 (1860). In such circumstances, obviously, the deed remains subject to the grantor's control and the grantor can revoke or annul it at will.
We recognize that there may be constructive delivery of a deed. Smith; Parramore. In Smith, the court noted that actual manual delivery is not always required, and the intention of the grantor is the determining factor. However, in Smith the deed had actually been recorded by the grantor, who had returned the recorded deed to his son and instructed his housekeeper to deliver the deed, which she did about an hour after his death. The court found the circumstances were equivalent to manual delivery. 91 Fla. at 1000, 108 So. at 893. In Parramore, although there was no recording, the grantor executed a series of deeds giving remainder interests to his children and placed the deeds in a safe deposit box, telling the children to retrieve them upon his death. 371 So.2d at 124. The evidence was deemed sufficient to sustain the trial court's fact findings, looking at the totality of the evidence, that the grantor's having placed the deeds in a place the *981 grantees could access, and acting and speaking as though the children's interests were vested from that time, constituted a constructive delivery of the deeds. Id. at 125.
However, here, Smith's continuing retention of control supports the trial court's conclusion that Smith did not intend a delivery pending a subsequent decision, if any, to relinquish control. See Bruner v. Hart, 59 Fla. 171, 177, 51 So. 593, 595 (1910) (when a deed is placed in the hands of a third party, it is a question of fact as to whether the grantor intended a complete and unconditional delivery). See also Pratt v. Carns, 80 Fla. 243, 250-51, 85 So. 681, 683 (1920) (in order for delivery of a deed to a third person to constitute delivery to the grantee, it must appear that the grantor relinquished and surrendered all dominion and control over it).
In Howarth v. Moreau, 430 So.2d 576 (Fla. 5th DCA 1983), the grantor had her attorney prepare a deed, but asked that it not be delivered until the conclusion of some litigation. The grantor died before the conclusion of the litigation, having previously asked the attorney to destroy the deed. The trial court validated the deed, granting a directed verdict to the grantee, but the appellate court reversed, concluding there was no evidence in the record from which a jury could have determined that there had been unconditional delivery, applying the test of whether the grantor had intended to reserve the opportunity to change her mind. Id. at 578. In the instant case, even if Smith ultimately intended to make the deed effective by having it recorded, that intention was not fulfilled. Sargent's subsequent possession of the deed does not alone evidence delivery to her. See Bould v. Coe, 63 So.2d 273 (Fla.1953) (affirming decree cancelling deed which grantor intended to retain until death; although grantee's possession was explained, it was not justified). See also Houston v. Forman, 92 Fla. 1, 109 So. 297 (1926); Houston v. Adams, 85 Fla. 291, 95 So. 859 (1923).
We need not consider whether, under the totality of the circumstances, a delivery would have occurred had Buscemi advised Freedman of Smith's desire that the deed be recorded, as this did not occur. There is no indication that Buscemi had any authority other than as a simple messenger. Here, Freedman, as Smith's agent, was bound to follow Smith's instructions. When Smith died, that agency relationship terminated. There was no evidence that Smith had relinquished, as between himself and Freedman, the opportunity to change his mind concerning delivery of the deed to Sargent at any time before his death.
DELL, J. and KAHN, MARTIN, Associate Judge, concur.