## Cummings's Estate.   Cummings's Appeal.

*Will—Equitable election—Compensation to disappointed devisee.*

A devisee in a will who is also the heir at law of the testator will not be permitted to take under the will real estate situated in Pennsylvania, and at the same time to disaffirm the validity of a devise to other persons of real estate situated in the city of Washington, because the will was not authenticated by three competent subscribing witnesses as required in the District of Columbia.   If he insists on such construction, he should be required to make compensation to the disappointed devisees.

*Evidence of ownership of registered stock—Presumption.*

Testator by his will gave forty-eight thousand dollars of the loan of a canal company to trustees to pay the income therefrom to a legatee for life.   At the time the will was drawn testator had forty-eight bonds of the canal company in a private box in the office of the trustee, where they remained until his death.   When the box was opened, it was found that five of these bonds had been registered nearly twenty-one years before in the name of the husband of a legatee.   There was no evidence that the husband had ever purchased the bonds or that he caused them to be registered in his own name.   Neither the husband nor his wife, who was his executrix, had ever claimed them, and it appeared that they had been continuously in the possession of testator for nearly thirty-one years before his death.   *Held*, that the evidence of the testator's ownership of the bonds was sufficient to overcome the presumption arising from the fact of their registration in the name of another person.

Argued Jan. 20, 1893. · Appeal, No. 20, Jan. T., 1893, by Thomas Cummings, from decree of O. C. Phila. Co., April T., 1892, No. 165, dismissing exceptions to adjudication.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Audit of account of Philadelphia Trust, Safe Deposit and Insurance Co., executors of A. Boyd Cummings, deceased.

The facts appear by the opinion of the Supreme Court.

The court below [see report of opinions by FERGUSON and PENROSE, JJ., 1 Dist. R. 485] awarded five bonds of the Pennsylvania Canal Co., registered in the name of A. F. Glass to Elizabeth M. Glass, and ordered the trustee to purchase at market price bonds at the par value of $5,000 to make up, with the $43,000 in bonds, the amount of $48,000, mentioned in the will.

The court also decreed as follows :

" 2. It is further ordered that out of each of the shares of Clara C. Barrington and Thomas Cummings in the residuary estate, a portion equal to the value of their respective interests as heirs at law of decedent in the real estate at Washington, district of Columbia, devised in the will to Mary Boyd Cummings and Ella Cummings in fee, or attempted so to be, shall be retained by the accountants until the said Clara C. Barrington and Thomas Cummings execute proper deed of quit-claim, releasing unto said Mary Boyd and Ella Cummings all their right, title, and interest of, in and to the said real estate, or until the further order of the court."

*Errors assigned* were, inter alia, portions of decree involving the points herein decided, quoting them.

*Robert H. Neilson*, for appellant.—No title to the canal bonds out of decedent was sufficiently shown : Scott v. Lauman, 104 Pa. 593; Pringle v. Pringle, 59 Pa. 281; Trough's Est., 75 Pa. 115; Zimmerman v. Streeper, 75 Pa. 147; Baker's Ap., 108 Pa. 510; Hawley v. Upton, 102 U. S. 314; Roberts's Ap., 85 Pa. 84.

The court should not have put the devisees to their election as to the Washington property : Kearney v. Macomb, 16 N. J. Eq. 189; Waln's Ap., 4 Pa. 502; Carroll v. Burns, 108 Pa. 386; Williams on Executors,' *1237; Cavan v. Pulteney, 2 Ves. Jr. 544; Jones v. Jones, 8 Gill, (Md.) 197; Snelgrove v. Snelgrove, 4 Des. 274; Tongue v. Nutwell, 17 Md. 212; Noys v. Mordaunt, 1 White & T. L. Cas. Eq., 549; Vandyke's Ap., 60 Pa. 481; Gray's Est., 29 W. N. 219.

*R. L. Ashhurst, Rowland Evans* with him, for Mary Boyd Cummings and Ella Cummings, cited, on the question of election : Cox v. Rogers, 77 Pa. 160; White & T. L. Cas. Eq. 333; Lewis v. Lewis, 13 Pa. 82; Tiernan v. Rowland, 15 Pa. 439; Gable, Ex. v. Daub, 40 Pa. 230; Preston v. Jones, 9 Pa. 456 · Stump v. Findlay, 2 Rawle, 174; Young's Ap., 108 Pa. 17; Zimmerman v. Lebo, 151 Pa. 347; Armstrong v. Walker, 150 Pa. 585.

*W. I. Schaffer, W. B. Broomall* with him, for Elizabeth M. Glass, cited, Roberts's Ap., 85 Pa. 84; Smith's Ap., 103 Pa. 561; Robinson v. Addison, 2 Beav. 515; Blackstone v. Blackstone, 3 Watts, 337; Eckfeldt's Est., 7 W. N. 19; Tifft v. Porter, 8 N. Y. 516; Sponsler's Ap., 107 Pa. 95.

OPINION BY MR. JUSTICE WILLIAMS, February 20, 1893:

There are two questions presented by this appeal. One of these related to the applicability of the doctrine of equitable election to the appellant, as one of the devisees under the will of A. Boyd Cummings, deceased. The testator was a resident of this state. His will was executed in accordance with the statute of Pennsylvania, and had the house and lot which he devised to Mary Boyd Cummings and Ella Cummings been situated here, it would have passed to them under his will beyond all controversy. The appellant was a devisee under the same will, and he seeks, while holding that which was given to him under it, to defeat its operation as to the house and lot in the city of Washington given to the appellees, because, under the laws of Maryland, which still prevail in the District of Columbia on the north side of the Potomac, a devise of real estate must be authenticated by three competent subscribing witnesses, while the will of Mr. Cummings was attested by two only. The orphans' court correctly held that the appellant could not be permitted to affirm the validity of the will in Pennsylvania and take under it, and at the same time deny its validity in Washington to prevent other devisees from taking under it, so as to draw to himself as heir at law what the testator did not intend he should have, but had distinctly given to others. If he will insist on the unjust advantage which the requirement of three subscribing witnesses under the laws of Maryland gives him to defeat the will as to the Washington property he should be required to make compensation to the disappointed devisees.

The other question is involved in more difficulty. In the second paragraph of his will the testator gave " to the Philadelphia Trust, Safe Deposit and Insurance Company forty-eight thousand dollars of the Pennsylvania Canal Company's six per cent loan at the par value thereof," in trust to collect and pay over the income in semi-annual payments to Elizabeth M. Glass during her natural life.

He had placed in a private box or safe in the office of the trustee, at the time his will was drawn, forty-eight bonds of the Pennsylvania Canal Company, bearing six per cent interest, having a par value of one thousand dollars each, and left them with other securities undisturbed till his death, which occurred ten years later. When this box or safe was opened after his death,

and the securities examined, it was found that five of these bonds had been registered nearly twenty-one years before in the name of Alexander F. Glass, then the husband of Elizabeth Glass.

Mrs. Glass then presented to the orphans' court a petition, simply averring the fact of registration in the name of her deceased husband, and asking the court to award the five bonds to her as his executrix and sole legatee. She did not even state in the petition that she believed, or had reason to believe, that the bonds ever belonged to her husband; she did not allege that he ever claimed them, or informed her of their existence, or that either herself or husband had ever procured their registration, or known of the fact that they were registered in his name. The court nevertheless awarded the bonds to her. If the significant omissions of the petition had been relieved against by proof such as her counsel in his printed argument speaks of, the decree ought to be sustained. He tells us about there having been before the court " uncontroverted proof that at the time A. F. Glass purchased them (the bonds) he caused them to be registered in his own name." We have examined the evidence submitted to us on the paper books with special reference to this question, and we are unable to find even a scintilla of evidence that A. F. Glass ever purchased these bonds or either of them or that he caused them to be registered in his own name. On the contrary it seems quite evident to us that the bonds were in the hands of Mr. Cummings when they were registered, and remained in his hands during the twenty-one years intervening between their registration and his death. Glass lived till about the middle of this period, when he died. Elizabeth Glass became his executrix and was his sole devisee. It would appear that neither Glass in his lifetime, nor his executrix and devisee since his death, has ever demanded or made claim to these bonds during the entire period; and the inference is irresistible that Mrs. Glass obtained her first intimation of their existence after the death of Cummings and at the time when the general appraisement of his assets took place. The whole course of conduct on the part of A. F. Glass and his executrix is inconsistent with the idea of ownership or interest to any extent in him, while the continued possession of the bonds by Cummings and his exercise of acts of ownership is an admitted and unexplained fact.

Contemporaneously with the preparation of his will he began to collect his securities together with the purpose, as explained by Mr. Fiss, the safe deposit clerk, of having them all in one place.   That place was a safe deposit box in the office of the Trust Company that was to be his executor and trustee.   With his own death and the settlement of his estate in mind, and with his attention drawn to the situation of Mrs. Glass by the liberal provision made for her in his will, he caused these five bonds to be deposited with the others as securities owned by him.   By his direction they were included in the list of his securities prepared for him by Mr. Fiss, and with the unregistered bonds they made the exact amount which he directed the trustee to hold for the benefit of Mrs. Glass during her lifetime.   They remained together till his death, came together to his executors, came from his custody, and with his unequivocal assertion of ownership; and why they were not placed upon the inventory as part of his assets it is not easy to see.   These facts were all before the court below.   On the one side was the unexplained fact of the registration alone.   On the other was the possession of the bonds, the exercise of acts of ownership over them and a course of conduct by all the parties extending over a period of twenty-one years, wholly irreconcilable with any interest in the bonds by Glass, or any knowledge of their existence by him or by Mrs. Glass, his widow and executrix.   Those circumstances more than balanced, they overcame, the presumption arising from the fact of registration; and unless their force could be met by proof of some circumstances explanatory of them they showed a title in the testator.

The order of the court below awarding the five bonds to Mrs. Glass is now reversed, and it is ordered that the executors cause the same to be inventoried as part of the assets of the testator coming to their hands.   This renders it unnecessary to determine whether the legacy to the trustee for the benefit of Mrs. Glass is specific or not.   The costs of this appeal to be paid in equal proportions by Thomas Cummings and Elizabeth M. Glass.