## Miller's Estate

*Albert N. Garrett* and *Duane, Morris and Heckscher*, for accountant.

*George W. Hemley*, for remainderman.

VAN RODEN, P. J., November 7, 1946.—Decedent left a will dated May 19, 1933, and two codicils to the will, one dated February 8, 1936, and the other dated

March 12, 1936. The will directed that, after the payment of debts and funeral expenses, the entire estate was to be held in trust for her husband for his lifetime. Neither of the codicils made any change in this provision. Upon the death of decedent's husband, the will and the two codicils provided for the payment of certain specific bequests and pecuniary legacies and placed the residuary estate in trust.

The sixth paragraph of the will provided: "I direct that all inheritance, succession and estate taxes shall be paid out of the residue of my estate". Neither of the two codicils contained any general tax clause. In order to facilitate an understanding of the gifts payable under the will and codicils upon the death of the decedent's husband, the various gifts will be set forth below and it will be indicated in what respect the codicils changed such gifts, if at all:

(*a*) Glencove Cemetery—$500. Neither codicil made any change in this gift.

(*b*) Cemetery Association of Spring Valley Friends Meeting—$500, to revert to Glencove Cemetery on certain conditions. Neither codicil changed this gift.

(*c*) Woman's Club of Swarthmore, Pa.—Certain shares of stock; neither codicil changed this gift.

(*d*) College Club—$1,000 bond; neither codicil changed this gift.

(*e*) Indiana University—$20,000, subject to payment of a life annuity. This gift was revoked by the first codicil.

(*f*) $25,000 to Rowland Richard Morgan and his wife Ruth Hall Morgan. This gift was revoked by the first codicil which "in lieu thereof" provided for a $25,000 trust for the same individuals for life and their children until 30 years old, remainder to Indiana University.

(*g*) Walter Charnock—$1,000, "free of inheritance or succession tax". The first codicil bequeathed "in lieu of and in substitution for" this gift the sum of

$2,000 to the same person "free of inheritance or succession tax."

(*h*) Rowland R. Morgan and Ruth Hall Morgan—All household furnishings. The first codicil revoked this gift and "in substitution therefor" bequeathed the household furnishings to the same individuals and also Isabel M. Slegelmilch, now Isabel Morgan, "free of inheritance or succession tax".

(*i*) Leland Stanford, Jr., University—Japanese prints. No change made by either codicil.

(*j*) Indiana University—Money and securities constituting the "Joseph Swain Fund". No change made by either codicil.

(*k*) Hallie I. M. Milchsegel (the same person as Isabel M. Slegelmilch), now Isabel Morgan, Alfred D. Morgan and Frances M. Smith—Each $5,000. First codicil revoked the gift to Hallie I. M. Milchsegel (Isabel Morgan). The second codicil revoked the gift to Frances W. Smith.

(*l*) Leland Stanford, Jr., University—$10,000. No change made by either codicil.

(*m*) Rowland R. Morgan and Ruth Hall Morgan—Outright gift of the residuary estate. The first codicil revoked this gift and disposed of the residuary estate in trust for Isabel M. Slegelmilch for life, remainder to Indiana University.

(*n*) Raymond C. Morgan—$5,000. This legatee was not mentioned in the will or first codicil, this gift being provided for in the second codicil.

In determining which of the gifts made by decedent are to be paid to the legatees free of Pennsylvania inheritance tax, certain conclusions appear obvious. Since the next to the last paragraph of the original will contains a clause requiring payment of taxes out of the residuary estate, it seems clear that the specific bequests made in the will and which were not changed by either codicil are to be free of inheritance tax.

These are the gifts of $500 to each cemetery, the gifts to the woman's club, the College Club, the gifts of the Japanese prints and $10,000 to Leland Stanford, Jr., University, the gift of the "Joseph Swain Fund" to Indiana University and the gift of $5,000 to Alfred D. Morgan. At this point it might be said that Indiana University has agreed that it will bear the burden of tax on the "Joseph Swain Fund" out of this fund rather than having the tax thrown on the residuary estate.

Since two of the substitutionary gifts made by the first codicil are by the provisions of this codicil specifically made free of inheritance tax, no question can arise as to them. These are the gifts of $2,000 to Walter Charnock and household furnishings to Rowland R. Morgan, Ruth Hall Morgan and Isabel M. Slegelmilch.

With the elimination of the above gifts, as reasonably free from doubt, the question remains as to where the burden of tax should fall upon the following gifts: $25,000 in trust for Rowland R. Morgan and Ruth Hall Morgan and their children, remainder to Indiana University; and also the bequest of $5,000 to Raymond C. Morgan, contained in the second codicil.

If the two gifts aforesaid are to be held to be given free of Pennsylvania inheritance tax, this conclusion must be reached on the assumption that the general tax clause in the will, which casts the burden of the tax upon the residuary estate, carries over into both codicils so as to free the gifts made therein from said tax, even though said gifts are not made free of said tax by the provisions of the codicils.

In Cummings' Estate, 1 Dist. R. 485 (1892) (reversed on other grounds, 153 Pa. 397) the will made certain specific bequests and then there followed a clause that "all the legacies given in this my will shall be free from collateral inheritance tax". There was

also apparently a direction that the executor should pay the tax upon "all the said legacies . . . out of the residue of my estate". A codicil dated one month later than the will made certain other specific bequests. The question was whether the gifts made in the codicil were, like those in the will, free of inheritance tax. The orphans' court, upon exceptions, ruled that the codicil gifts were tax free on the ground that a codicil becomes a part of the will and that the gifts contained in it are so far given by the will, that a testator having made a tax-free provision in his will proper would not think it necessary to repeat the tax-free provision in the codicil. The court said that the use of the words "said legacies" did not imply a restriction to those legacies contained in the will itself, but were evidently used to distinguish specific and pecuniary legacies from residuary legacies.

It is submitted that the instant case is a stronger one than Cummings' Estate, since the tax clause contained in Mrs. Miller's will is a flat direction to pay all inheritance taxes out of the residue, without any reference, as in Cummings' Estate, to the payment of tax on "the legacies given in this my will" or to the "said legacies". In other words, taking our decedent's language literally, *all* inheritance taxes are to be paid out of the residue and there is no statement that this means only the taxes on gifts which are made in the original will.

Insofar as the gift of $25,000 in trust for Mr. and Mrs. Morgan and their children with remainder to Indiana University is concerned, there is an additional reason why this gift should be deemed free of tax. The provision of the codicil making this gift provides specifically that it is in lieu of an outright gift of $25,000 made in the will.

Croxton's Estate, 289 Pa. 433 (1927) is authority for the proposition that a substituted or additional

legacy is subject to the same conditions as the original legacy, for example, freedom from tax. In Croxton's Estate the residuary clause made numerous gifts which were to be paid in the order named to guard against insufficiency of funds. One of the gifts was $100,000 to a hospital "free and clear of all inheritance tax". Then followed a gift to other persons. The next clause gave an additional $50,000 to the same hospital, but said nothing about the inheritance tax. It was held that the bequest of $50,000 was, like the bequest of $100,000, free of inheritance tax on the ground that it took the same character as the prior bequest. By analogy in the instant case, the gift of the life interest in $25,000 to Mr. and Mrs. Morgan, which is in substitution for the outright gift of $25,000 contained in the will is subject to the same condition as the outright gift and the gift of the life estate likewise must be held to be free of inheritance tax.

There are three other cases decided by Pennsylvania courts which have to do with the problem here involved but which are believed to be distinguishable.

Rettew's Estate, 142 Pa. Superior Ct. 335 (1940) held that a tax clause contained in the will operated so as to free from tax only those gifts made in the residuary clause of the will and that it did not, therefore, operate to free from tax a specific bequest made in a codicil to the will.

Dewart's Petition, 16 Northumberland 59 (1946) involved a tax clause in the will which provided that inheritance and other taxes "be paid by my estate". The court held that this clause did not free even a specific bequest in the will itself from the tax since it failed to provide where the burden of tax was to be thrown. The court also said by way of dictum that the tax clause would not protect a specific bequest made in a codicil, citing as authority Rettew's Estate, supra.

It is believed that the court misconstrued Rettew's Estate and that the reason given was pure dictum, in view of the holding that the tax clause did not under any circumstances provide where the burden of tax was to be borne.

Henlien's Estate, 26 Erie 13 (1943), decided that where a codicil made no mention of the will itself and provided that "all taxes on above bequests to be paid from estate", the tax clause refers only to gifts made in the codicil and does not free from tax gifts made in the original will.

It is believed that the three cases last cited are not of particular value in determining the effect of the tax clause in the instant case. It is our opinion that the broad language of the tax clause in decedent's will and the decision of Cummings' Estate, supra, justify a ruling that all gifts made in both codicils are covered by the tax clause contained in the will proper. In addition, as we have already said, the decision in Croxton's Estate is ample authority for holding that the life interest given to Mr. and Mrs. Morgan and their children by the provisions of the first codicil is, like the gift for which it is a substitute, free of inheritance tax.

For the reasons herein stated, it is the opinion of this court that the general tax clause or provision contained in the sixth paragraph of the original will, directing that "all inheritance, succession and estate taxes shall be paid out of the residue of my estate", carries over into both codicils to said will so as to free the gifts made therein from said tax, even though said gifts are not made free from said tax by the provisions of the codicils.

The court acknowledges the assistance rendered by counsel for accountant, particularly the clear and enlightening memorandum of authorities upon the subject, many portions of which have been copied into this opinion.