FLETCHER, Judge.
Lutgarda F. Kerr and Sylvia M. O’Neal Sheppard appeal the final judgment entered against them and in favor of Dora R. Fernandez, as personal representative of the estate of J.M. Fernandez, Jr. The controlling question before us is whether J.M. Fernandez, Jr., prior to his death, completed the transfer of title to several parcels of real property by constructive delivery of deeds to the persons named therein as grantees. The litigation itself actually is limited to the transfer of title to only one of the parcels of real estate, that is the transfer to Lutgarda Kerr (his sister) and Sylvia Sheppard (his daughter). The other lots were the subject of deeds from J.M. Fernandez, Jr. to other grantees, including Anna Woodruff, Enrique Esperoy, Jr., and Dora Fernandez herself. Although these deeds were prepared the same day as, in the same fashion as, and turned over to these other grantees in the same way as, the Sheppard/Kerr deed, Dora Fernandez has not, either as estate representative or in her own interest, ever challenged the efficacy of the method of delivery of the deeds to herself or to these other grantees. After a careful review of the trial testimony, we find that the trial court reached the wrong legal conclusion on the undisputed facts, and reverse and remand for further proceedings consistent herewith.
After executing the various deeds described above, J.M. Fernandez, Jr., placed them in a closet[1] (with other valuable papers) for safekeeping until they could be physically delivered to the various grantees, including Sylvia Sheppard when she returned to Key West after an absence therefrom. J.M. Fernandez, Jr., shortly thereafter was debilitated by a stroke and became a total invalid. He never regained his health and died before Sylvia Sheppard could return to Key West to receive physical delivery of the deed personally from him. When Sylvia Sheppard did arrive in Key West Betty DeMerritt gave her the *687 deed.[2] This took place two or three days after the death of J.M. Fernandez, Jr.
It is to be noted from the trial testimony that all involved agree that J.M. Fernandez, Jr. never varied from his intention to deliver the deeds to all of the grantees, including the Sheppard/Kerr deed. Ultimately all the deeds were delivered by Betty DeMerritt in the same fashion (including that deed in which Dora Fernandez, the estate’s representative, was named as grantee) and all the grantees accepted such delivery, with no protest from the estate, or from one another. The validity of the method of delivery was accepted by all.
There the matter lay dormant from April 1995, until May 1999, when the delivery was challenged solely as to the Sheppard/Kerr deed and only after Sylvia Sheppard and Lutgarda Kerr sought to correct an error in the deed’s legal description. Dora Fernandez, for whatever motive, had the estate reopened and filed this action seeking to invalidate the Sheppard/Kerr deed (and no other) on the basis that there was no delivery of the deed by J.M. Fernandez, Jr., thus the property remained in the estate. Kerr and Sheppard defended on the basis that the undisputed facts demonstrate a constructive delivery had taken place. The trial court entered final judgment for the estate.
It is true that delivery of a deed is essential to its effectiveness. See, e.g., Sargent v. Baxter, 673 So.2d 979 (Fla. 4th DCA 1996). This does not mean, however, that a delivery, in order to be effective, must always be a physical handing over of the deed by the grantor to the grantee. For example, the grantor’s recording of the deed can in some instances be equivalent to delivery. Sargent, at 980. Acts other than manual delivery (or recording), accompanied by an unchanging and clear intention to pass title can be equally efficacious in establishing delivery. For example, in Parramore v. Parramore, 371 So.2d 123 (Fla. 1st DCA 1978), the First District Court held that the words and acts of the grantor therein, during his last years, accomplished a symbolic and constructive delivery of the deed there involved.
The clearest case we believe most applicable here is Smith v. Owens, 91 Fla. 995, 1001-02, 108 So. 891, 893 (1926), wherein the supreme court stated:
“Actual manual delivery and change of possession are not always required in order to constitute an effectual delivery. The intention of the grantor is the determining factor.... In the well-considered case of Gulf Red Cedar Co. v. Cranshaw, 169 Ala. 606, 53 So. 812, the following propositions are announced: No formality or particular words or acts are essential to the delivery of a deed; delivery being a matter of intention, which may be manifested by acts and declarations, and may consist of a transfer of the conveyance without spoken words, or by spoken words without manual act.... The test of delivery of a conveyance is whether the grantor intended to reserve to himself the locus poenitentiae, and, if he did, there is no delivery; but if he parts with the control of the deed, or evinces an intention to do so, and to pass it to the grantee, though he may retain the custody or turn it over to another, or place it upon record, the delivery is complete.” [e.s.]
*688 The uneontradicted testimony is that J.M. Fernandez, Jr. evinced an intention to deliver the deed personally to Sylvia Sheppard, which intention never changed, but he fell ill and died before he could carry it out. We conclude that the facts here demonstrate an effective delivery.
Further, we conclude that the estate, by challenging the Sheppard/Kerr deed delivery, but accepting the validity of the delivery of the other deeds which were delivered in the identical fashion, is violating the maxim that precludes a party from “approbating” and “reprobating” in asserting a right in court.[3] Several examples of the application of this maxim include Armour & Co. v. Lambdin, 154 Fla. 86, 16 So.2d 805 (Fla.1944), which holds that a party is not permitted to invoke the aid of the courts upon contradictory principles or theories based upon one and the same set of facts, such as here, where Dora Fernandez has sought the court’s assistance to invalidate a deed because of the method of delivery while accepting the validity of other deeds from the same grantor delivered in precisely the same fashion. In Griley v. Griley, 43 So.2d 350 (Fla.1949) the court cited with approval In Re Cummings’ Estate, 153 Pa. 397, 25 A. 1125, which applied the maxim [4] to a fact situation in which a party who was a devisee under a will accepted his devise, but attempted to defeat the will’s operation as to property devised to other parties. The Pennsylvania court held:
“The orphans’ court correctly held that the appellant could not be permitted to affirm the validity of the will in Pennsylvania, and take under it, and at the same time deny its validity in Washington, to prevent other devisees from taking under it, so as to draw to himself, as heir at law, what the testator did not intend he should have, but had distinctly given to others.”
Griley, at 353; Cummings’ Estate, 25 A. at 1126. Dora Fernandez is violating the maxim in the same fashion, but without the involvement of a will- — -a mirror image of Cummings. It is seen that the Scotch doctrine is alive, well, and justly applicable here.
For the foregoing reasons, we reverse the final judgment and remand the cause to the trial court for further proceedings consistent herewith, including, but not limited to, entry of judgment for Lutgarda F. Kerr and Sylvia M. O’Neal Sheppard on the amended complaint of Dora R. Fernandez and on the counterclaim of Lutgarda F. Kerr and Sylvia M. O’Neal Sheppard as well as enforcement of the parties’ stipulation as to the correct legal description.
Reversed and remanded with instructions.

. This closet was in the home that J.M. Fernandez, Jr. shared with Betty DeMerritt. They were not married but lived together the final fifteen years of J.M. Fernandez, Jr.'s life.

. When questioned as to why she turned the deed over to Sylvia, Betty DeMerritt stated that "I knew he wanted me to do it ... because he couldn't do it.” T.12, lines 15 20. She was speaking of J.M. Fernandez, Jr.’s physical disability. Several times in her testimony she made it perfectly clear that J.M. Fernandez, Jr. wanted to deed the parcel to Sylvia Sheppard and Lutgarda Kerr and at no time intended anything else. T. 10, lines 3-8; T.ll, lines 20-23; T.16, line 19;; T.17; T.18, lines 7-10.

. This maxim applied outside of judicial proceedings is recognizable as “one may not eat his calce and yet have it.” Griley v. Griley, 43 So.2d 350 (Fla.1949).

. Which the court identified as a well-settled doctrine termed in the Scotch law as the doctrine of 'approbate’ and 'reprobate.' ... Griley, at 352.