CATHERINE GRECO *vs.* PETER GRECO.

1.  DIVORCE—"CONDONATION"  DEFINED.
    "Condonation," which under *Rev. Code* 1915, § 3008 *(Uniform Divorce Act*, § 5), defeats right of divorce, means the voluntary forgiveness and remission of a known wrong by a spouse which would have entitled the other spouse to a divorce, so as to restore the offending party to the same position he or she occupied before the wrong.

2.  DIVORCE—ELEMENTS OF CONDONATION STATED.
    The elements of condonation are knowledge of the wrong, forgiveness or remission by the wronged spouse, and resumption of the marital relations.

3.  DIVORCE—FORGIVENESS AND RESUMPTION OF MARITAL RELATIONS ASSUMED FROM BIRTH OF CHILD.
    Forgiveness and resumption of marital relations, as respects condonation, will be assumed from the birth to plaintiff of a child, of which defendant was the father, three years after plaintiff knew of defendant's wrong.

(*May* 31, 1923.)

RICE and RODNEY, J. J., sitting.
*Robert G. Harman* for plaintiff.
*J. Frank Ball* for defendant.

Superior Court for New Castle County, May Term, 1923.

DIVORCE, No. 61, May Term, 1923.

In this case a petition for divorce was based upon *Section* 3006 of the *Revised Code* of 1915, which provides as follows:

"The causes for divorce from the bonds of matrimony shall be * * * (C) Conviction and sentence * * * by a competent court having jurisdiction, followed by a continuous imprisonment for at least two years. * * * * "

It was alleged and proved that in June, 1918, the defendant was convicted of crime and sentenced by a competent court having jurisdiction to five years' imprisonment. It further appeared that during the month of August, 1920, the defendant escaped from jail and was recaptured in February, 1921, and since that time has been and now is in jail. It also appeared that in June, 1921, the plaintiff was delivered of a child, the result of marital intercourse between the plaintiff and the defendant.

RODNEY, J., delivering the opinion of the Court:

[1] *Section* 3008 of the *Revised Code* of 1915 (*Section* 5 of *Uniform Divorce Act*) provides, in part:

"No decree for divorce shall be granted, if it appears to the satisfaction of the Court * * * that the plaintiff has procured or connived at the offense charged, or has condoned it. * * * "

Condonation in the law of divorce means the voluntary forgiveness and remission of a known wrong by husband or wife which would have entitled the injured party to a divorce so as to restore the offending party to the same position he or she occupied before the offense was committed.

[2, 3] Three essential elements of condonation are (1) knowledge of the offense; (2) forgiveness or remission by the injured party; (3) resumption of marital relations. All these elements are present in this case. The plaintiff has testified that she was present at the trial and personally knew of the conviction and sentence. The forgiveness and resumption of marital relations will be assumed from the birth of a child to the plaintiff in June, 1921, the father of which is admitted to be the defendant. We are clear that from the present state of the record the decree of divorce cannot be granted.