FARRINGTON, OTIS, Associate Judge.
Appellant, Bradford N. Trethewey II, plaintiff below, sued Margaret P. Trethe-wey, defendant below, for divorce, alleging extreme cruelty. Defendant, Margaret P. Trethewey, had been adjudged insane approximately three years prior to the filing of the suit, and continuously since such adjudication has been a patient in the State Mental Hospital at Danvers, Massachusetts. The case was referred to a Special Master who, after hearing the evidence, filed his report recommending that plaintiff be granted a divorce. Following a hearing on exceptions filed by the Guardian Ad Li-tem to the Special Master’s report, the Chancellor entered a final decree wherein he (1) sustained defendant’s exceptions to the Special Master’s report, (2) denied plaintiff’s prayer for a divorce, and (3) based on defendant’s counterclaim, ordered plaintiff to pay defendant fifteen dollars per month for her personal needs while in the Danvers State Hospital. Plaintiff appeals.
As his reasons for sustaining defendant’s exceptions to the recommendations of the Special Master, the Chancellor included in the final decree his findings to the effect that plaintiff’s proof of jurisdictional residential requirements was insufficient, and that the probative effect of the evidence of the alleged acts of cruelty was insufficient to entitle plaintiff to a divorce on the ground of extreme cruelty.
We first consider the question of plaintiff’s proof of residence. Plaintiff testified that he arrived in Florida with the three children of the parties on September 2, 1956, with the intention of making Florida his home. The suit was filed December 10, 1956. The last hearing before the Special Master was held January 16, 1958, at which time plaintiff’s witnesses testified that plaintiff had resided continuously in Florida since September 2, 1956. Two local witnesses corroborated plaintiff’s testimony as to residence, and plaintiff’s mother, a resident of Massachusetts, testified that he advised her when he left Massachusetts that he intended to stay in Florida permanently. Plaintiff had licensed his automobile in Florida and had obtained employment as a carpenter in the St. Petersburg area. No testimony was offered on behalf of defendant to contradict plaintiff’s claim of residence in Florida for the statutory period prior to filing this suit. There being ample competent evidence to support the Special Master’s finding that plaintiff had satisfied the residential requirements in effect at the time of the filing of the complaint, we hold *714 that the Chancellor erred in overruling the Special Master on the question of plaintiffs residence.
We next consider the contention of appellee that the Chancellor’s denial of a divorce to the plaintiff was justified by facts disclosed by the evidence establishing condonation by the plaintiff of the alleged acts of cruelty relied on as grounds for divorce. The Chancellor did not include proof of condonation of the alleged acts of cruelty as one of his reasons for overruling the Special Master’s recommendations, nor was this defense asserted in defendant’s answer. Since the question of condonation is raised by factual allegations in plaintiff’s complaint, see Crews v. Crews, 1938, 130 Fla. 499, 178 So. 139, and since it is the duty of all courts to protect the interests of incompetent defendants whether their defenses be properly pleaded or not, Parken v. Safford, 1904, 48 Fla. 290, 37 So. 567, we will consider the defense of condonation; although this affirmative defense is asserted for the first time in appellee’s brief.
Defendant was confined in a mental hospital on November 27, 1953, and was adjudged insane on December 4, 1953. While a patient in the mental hospital defendant was permitted to visit with plaintiff in the home of the parties on numerous weekends. During these weekend visits the parties lived together as man and wife and engaged in sexual relations. As a result thereof a third child was born to the parties on January 4, 1955, which was exactly thirteen months subsequent to date on which defendant was adjudged insane.
 No acts of cruelty occurring after defendant became insane can be relied upon by plaintiff as grounds for divorce. See Hayes v. Hayes, 1923, 86 Fla. 350, 98 So. 66; Annotation 19 A.L.R.2d 144, 148. Condonation will be assumed from the birth of a child of the husband to the wife, where it appears that at the time of conception of the child the husband had full knowledge of the wife’s alleged marital wrongs. See Greco v. Greco, 1923, 2 W.W.Harr. 242, 121 A. 666.
Plaintiff sought to avoid the defense of condonation by the following testimony given in response to questions by his attorney :
“Q. Mr. Trethewey, what was the reason your wife was coming home to spend week-ends? A. The doctor, in the hospital, after she had been committed and had shock treatments and so forth, talked with me and said it would be advisable if she were to come home and spend the night and be treated like a wife, a perfectly good wife, that it would perhaps serve towards making her better and they asked me if I would do that and I did. I did to the best of my ability. I did it to be human. I felt that any human being deserves a chance to be healthy. After she had been cured, I knew I would get a divorce eventually. I did help her as much as I thought I could. I tried.
“Q. You did not have any intentions of condoning what she had done before? A. No sir. I simply tried to help her.
“Q. You did not do it with intentions to forgive her ? A. No. I didn’t intend to look at her again after she gets out of the hospital.”
We are not impressed with appellant’s contention that the defense of condonation is not applicable because of his testimony that his relations with his wife during the weekend visits were therapeutic rather than marital. A husband intending to preserve alleged prior existing grounds for divorce should not administer such intimate therapy. We hold that by resuming marital relations with defendant after she became insane, with the result that a third child was born to the parties, plaintiff condoned all alleged acts of cruelty by defendant which occurred prior to her insanity.
*715 Having determined the plaintiff is barred from obtaining a divorce by reason of condonation, it is unnecessary to consider appellant’s contention that the Chancellor erred in sustaining defendant’s objection to the Special Master’s finding that plaintiff had proven the defendant guilty of extreme cruelty. The reason indicated by the Chancellor for ruling that plaintiff should not be granted a divorce is immaterial, since we have determined that the ruling is correct.
The final decree appealed from is reversed insofar as it holds that plaintiff failed to establish jurisdictional residential requirements. In all other respects it is affirmed.
KANNER, Acting Chief Judge, and SHANNON, J., concur.