ALLEN, Judge.
Appellant, plaintiff below, appeals a final decree dismissing her complaint for recision of a deed.
Plaintiff-appellant, 77 years old and in poor health, entered into a contract with defendant-appellee whereby plaintiff was to convey certain improved real property to defendant for a consideration of $5,000 payable by an initial $500 payment and monthly payments of $50 until the balance was paid or until plaintiff died. The contract further provided that plaintiff should reside on the property so long as she lived. Thereafter, plaintiff received the $500, executed a warranty deed to defendant, and, over a nine month period, received $675 from defendant. Eight months after the consummation of the transaction, plaintiff notified defendant of her intention to rescind and, two *744 months later, instituted the suit for re-cision.
Plaintiff-appellant bases her suit upon the established principle that inadequacy of consideration coupled with a degree of mental weakness, if clearly established by evidence, will warrant cancellation of a conveyance of realty. See e. g. Windham v. Windham, 1943, 152 Fla. 362, 11 So.2d 797. Accordingly, appellant bore the burden of clearly establishing both mental weakness and inadequacy of consideration. Upon a review of the record, we are impelled to agree with the observation of the able trial judge at the conclusion of the taking of testimony:
“Under the Law * * * I don’t feel you showed a necessary inadequacy in the consideration. Assuming that she wasn’t as sound as a normal person. Assuming even that she was feeble of mind but not incompetent. * * * the lack of adequate consideration is one of the elements you have to show and I don’t believe you have under the case you cited. She got nothing period. Some agent got it all. Here she is getting consideration, the rental that she’ll get free, and assuming that she lives her life expectancy she’s getting more in consideration than your appraisers say the property is worth and I can’t rule on speculation that she might die tomorrow so I’ll have to grant the motion to dismiss.”
There is no suggestion that appellant was incompetent, nor is the transaction attacked on that ground. Like the trial judge, we find it unnecessary to explore the disputed question of “mental weakness.”
The evidence indicates that appellant’s life expectancy was 79 months at the date of hearing or 94 months at the date of the transaction. The evidence further indicates a maximum value for the property of $8,700 and a minimum rental value of $40 a month. Accordingly, appellant may expect to receive $3,772 on the principal indebtedness and a rent-free occupancy worth $3,760 for a total of $7,532. She will, of course, receive $1,352.68 as 5% interest on the indebtedness. Under these facts, we cannot say that the trial judge erred in determining that the consideration, as a matter of law, was not inadequate.
Affirmed.
SHANNON, C. J., and GERMANY, JOHN, Associate Judge, concur.