OTT, Chief Judge.
Appellant’s complaint to cancel a deed was dismissed with prejudice by the trial court for failure to state a cause of action. We reverse.
After setting forth the events leading up to the execution of the deed in question, the complaint alleged that at the time appellant executed the deed he was emotionally distressed, that the conveyance was without consideration, that delivery and recordation of the deed were contrary to his direction and without his consent, and that he thought he was executing a will rather than a deed.
*144 We think the complaint contained sufficient ultimate fact allegations of appellant’s emotional distress, mental weakness, and lack of understanding, coupled with lack of consideration and delivery, to withstand the motion to dismiss. See Windham v. Windham, 152 Fla. 362, 11 So.2d 797 (1943); Leonard v. Howarth, 153 So.2d 743 (Fla. 2d DCA 1963). The execution of the deed, recital of consideration therein, and recording thereof raise rebuttable presumptions against appellant but are not conclusive in the face of allegations to the contrary. See Smith v. Owens, 91 Fla. 995,108 So. 891 (1926). Rebuttable presumptions suggest or present evidentiary considerations and burden of proof problems rather than pleading deficiencies.
The order dismissing appellant’s complaint is REVERSED and the case REMANDED for further proceedings consistent herewith.
RYDER and SCHOONOVER, JJ., concur.